**FILED**

**JUN - 8 2005**

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRATT & WHITNEY CANADA CORP.
1000 Marie-Victorin blvd.
Longueuil, Quebec
J4G 1A1 Canada,

      Plaintiff,

      vs.

UNITED STATES DEPARTMENT OF
DEFENSE, UNITED STATES
SOUTHERN COMMAND
3511 N.W. 91st Ave.
Miami, Florida 33172,

      Defendant.

CASE NUMBER 1:05CV01136

JUDGE: Ellen Segal Huvelle

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 06/8/2005

## COMPLAINT

COMES NOW Plaintiff, PRATT & WHITNEY CANADA CORP., and for its Complaint against the Defendant, UNITED STATES DEPARTMENT OF DEFENSE, UNITED STATES SOUTHERN COMMAND, alleges the following:

### PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, PRATT & WHITNEY CANADA CORP. (hereinafter "PWC"), at all times relevant was and is a foreign corporation with its principal place of business in Quebec, Canada. PWC is and was in the business of designing and selling aircraft engines, including the engine in the Subject Aircraft in the underlying litigation, as described below.

2. The Defendant, DEPARTMENT OF DEFENSE, UNITED STATES SOUTHERN COMMAND (hereinafter "DoD"), is the combatant command responsible for supervision of military operations and government contracts in a designated geographic area

inclusive of the situs of the Subject Flight (as described below) and related surveillance missions in South America.

3. Subject matter jurisdiction exists pursuant to the Freedom of Information Act (5 U.S.C. § 552(a)(4)(B)), which grants a district court of the United States jurisdiction to enjoin an agency from improperly withholding records and to order said agency to produce such records to the complainant.

4. Venue is proper in the District of Columbia under 5 U.S.C. § 552(a)(4)(B) which grants jurisdiction to the district court in the District of Columbia.

**FACTUAL BACKGROUND**

5. On or about March 15, 2004, the "underlying litigation" commenced with a Complaint for Damages for Wrongful Death filed by Judith G. Janis and Jonathan N. Janis, as Co-Personal Representatives for the Estate of Thomas J. Janis; styled as Case No. 6:04-CV-184-Orl-GKS-DAB in the United States District Court for the Middle District of Florida, Orlando Division.

6. Decedent Thomas Janis was the pilot of a Cessna Caravan, Model 208B, SN 208B0402, registration number N1116G, equipped with a Pratt & Whitney Canada PT6A-114A turbine engine (hereinafter the "Subject Aircraft") on a flight occurring on February 13, 2003 (hereinafter the "Subject Flight").

7. The Subject Aircraft was being used by California Microwave Systems, now known as CIAO, a subsidiary of Northrop Grumman Corporation, which ran the Southcom Reconnaissance System under a contract with the DoD for intelligence gathering in areas of Colombia.

8. During the Subject Flight, employees of CIAO operated the Subject Aircraft for a routine surveillance flight over Colombia. Pilot Thomas J. Janis, with four other persons onboard, made a successful emergency landing of the Subject Aircraft in the Colombian countryside, near Florencia. Shortly after landing, the crew allegedly was captured. Janis and a military officer allegedly were executed by the FARC guerrillas. The remaining three civilians allegedly remain hostages of FARC.

9. The Co-personal representatives of the Estate of Thomas Janis filed a wrongful death action against PWC, alleging strict liability and negligence. The discovery deadline in the underlying litigation is October 14, 2005, with a trial date in early 2006.

10. PWC was a participant in the investigation of the Subject Flight and, at the request of the investigators, produced a significant report on the engine.

11. On or about November 15, 2004, PWC (acting through outside counsel, Thornton Davis & Fein, P.A.) contacted the Judge Advocate General office for the U.S. SOUTHERN COMMAND to identify an appropriate person to receive a Freedom of Information Act ("FOIA") request relating to the Subject Flight and was informed that the request should be sent directly to the Miami headquarters of the U.S. SOUTHERN COMMAND.

12. It is the Plaintiff's understanding and belief that the actual investigation was being conducted under the control, direction, or supervision of the United States Navy Safety Center in cooperation with the U.S. SOUTHERN COMMAND.

13. On November 15, 2004, PWC propounded its first FOIA request to the U.S. SOUTHERN COMMAND, a true and correct copy of which is attached hereto as Exhibit "A."

14. Based on the U.S. SOUTHERN COMMAND JAG officer's instructions, no secondary or duplicative FOIA request was propounded directly to the U.S. Navy Safety Center,

DCDATA 28878_1

however, numerous communications were exchanged over the subsequent five months with the Safety Center in Virginia concerning the progress or lack thereof on the FOIA request.

15. The Safety Center assured PWC that its portion of the investigation had been completed.

16. On or about November 23, 2004, PWC received an acknowledgement of the FOIA request from Jean Carillo, Lt. U.S. Navy, Adjutant General. The acknowledgement was on DoD, U.S. Southern Command letterhead and number SC 05-030 was assigned to the request. *See* Letter from Jean Carillo to Ms. Patricia A. Leid (Nov. 23, 2004) (attached hereto as Exhibit "B").

17. On or about December 10, 2004, PWC received a second letter from Lt. Carillo advising that "[s]everal responsive documents were located responsive to your request" but "we are not the documents originator" so "your FOIA request and responsive documents have been referred to the Commander, US Naval Forces Southern Command, for their review, further coordination, and final reply to you." *See* Letter from Jean Carillo to Ms. Patricia A. Leid (Dec. 10, 2004) (attached hereto as Exhibit "C"). A Mayport, Florida, address was provided. After numerous telephone conferences with the U.S. SOUTHERN COMMAND, PWC learned that the Mayport, Florida, office listed in the letter was in fact not the correct responding office.

18. Based on the last conversations with the U.S. SOUTHERN COMMAND and the Naval Safety Center, PWC understands and believes that the U.S. SOUTHERN COMMAND, utilizing the input of the Naval Safety Center's investigative report, findings of fact, and conclusions, is the correct responding agency.

19. Since December 10, 2004, PWC has not received any written confirmation, correspondence, reasons for unusual delay, or excuses for total non-response to FOIA request number SC 05-030.

20. On March 18, 2005, PWC sent an "Inquiry into a Pending Freedom of Information Act Request" to the U.S. SOUTHERN COMMAND JAG office, noting that it had been 120 days since the request was propounded with no substantive response. *See* Letter from Patricia A. Leid to Mr. Enrique Arroyo (Mar. 18, 2005) (attached hereto as Exhibit "D").

21. On numerous occasions, PWC counsel has advised the U.S. SOUTHERN COMMAND JAG that, recognizing the potential for a voluminous response, even partial production of the releasable discovery materials in incremental lots would be beneficial. The letter attached as "Exhibit "D" also advised that if no response were forthcoming counsel would be forced to seek a remedy in a federal district court.

22. Over seven months have passed since PWC filed FOIA request NO. SC 05-030. PWC has not received any substantive response or a denial letter.

23. PWC, upon information and belief, alleges that the investigation has been completed. Pursuant to the FOIA there are, at a minimum, sections, findings of fact, and other support documents from this report and investigation that are releasable and whose release would not compromise public or private safety or national security interests.

**COUNT I.   REQUEST FOR INJUNCTIVE RELIEF ENJOINING DEFENDANT FROM IGNORING THE PLAINTIFF'S REQUEST FOR INFORMATION**

24. The Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. The public has a right to information concerning the activities of its Government. DoD policy is to conduct its activities in an open manner and provide the public with a

maximum amount of accurate and timely information concerning its activities, consistent always with the legitimate public and private interests of the American people. *See* DoD Freedom of Information Act Program, Sept. 1998, DoD 5400-.7-R, see C1.3.1.1 Public Information.

26.     Pursuant to 5 U.S.C. §522(a)(3)(A), "[E]ach agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules setting the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."

27.     PWC, as evidenced by Exhibit "A," has met all prerequisite conditions for an appropriate FOIA request and has offered to pay all related costs.

28.     The subject FOIA request relates the circumstances under which American civilian contractors were killed and seeks the government's investigative file, among other documents and communications the U.S. Government has had access to in Colombia as a result of this crash. The Subject Aircraft was, by the U.S. Navy or under its direction and supervision, equipped with expensive, sophisticated, electronic tracking surveillance equipment. As the manufacturer of the aircraft engine and defendant in the underlying litigation, PWC has a legitimate interest in learning details of the government's investigation and has properly filed a FOIA request with the DoD, which to date has gone unanswered.

29.     Pursuant to 5 U.S.C. §522(a)(6)(A)(i), each agency, upon any request for records . . ., shall---

(i)     determine **within 20 days . . . after the receipt of any such request** whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; . . . .

DCDATA 28878_1

30. The FOIA further states,

**In unusual circumstances as specified in this subparagraph, the time limits prescribed in . . . (i) . . . may be extended by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched. No such notice shall specify a date that would result in an extension for more than ten working days,** except as provided in clause (ii) of this subparagraph.

(ii) With respect to a request for which a written notice under clause (i) extends the time limits prescribed under clause (i) of subparagraph (A), **the agency shall notify the person making the request if the request cannot be processed within the time limit specified in that clause and shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request.** Refusal by the person to reasonably modify the request or arrange such an alternative time frame shall be considered as a factor in determining whether exceptional circumstances exist for purposes of subparagraph (C).

5 U.S.C. § 552(a)(6)(B)(i-ii).

31. The DoD has not offered any substantive response or set forth any **"unusual circumstances"** it is encountering in producing the requested documents and information. Notwithstanding the fact that DoD neither declared in writing "unusual circumstances" nor responded beyond the initial letters stating that responsive documents were located, PWC took the initiative to contact the U.S. SOUTHERN COMMAND JAG office and volunteered a priority of subject matter from FOIA request SC 05-030. Specifically, the U.S. SOUTHERN COMMAND JAG was advised that any documents, tapes, or other recorded means evidencing communications between the subject aircraft and the control tower, aviation authorities, Colombian government, or anyone else were PWC's highest priority. Still, no response was generated.

32. Defendant acted in bad faith when, in response to Plaintiff's legitimate FOIA request, the U.S. SOUTHERN COMMAND failed to respond pursuant to the FOIA procedures.

Such inaction violated the FOIA, causing injury to the Plaintiff in its performance of timely discovery pretrial litigation practices. Pertinent and relevant discovery information has been concealed by the Defendant and remains undisclosed to PWC.

33. According to the FOIA, PWC has exhausted its administrative remedies with the DoD regarding FOIA request No. SC 05-030. Pursuant to 5 U.S.C. § 552 (a)(6)(C)(i),

> **Any person making a request to any agency for records** under paragraph (1), (2) or (3) of this subsection **shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.** If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. **Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request.** Any notification of denial of any request for records under this subsection shall set forth the names and titles or positions of each person responsible for the denial of such request.
>
> (ii) For purposes of this subparagraph, the term "exceptional circumstances" does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates responsible progress in reducing its backlog of pending requests.

34. DoD has failed to respond to PWC in writing since December 10, 2004, when it provided an agency address erroneously designated to be the FOIA responder. DoD neither provided any written response asserting "unusual circumstances" nor advised there would be a ten-day extension required in order to respond. This Government agency simply failed to produce any requested information and no longer communicated as required under the FOIA.

**COUNT II.   REQUEST FOR INJUNCTIVE RELIEF ENJOINING DEFENDANT FROM REFUSING, WITHOUT EXPLANATION, TO RELEASE RECORDS**

35.   The Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36.   Agencies can legally refuse to release records only if the records requested fall within one or more of the nine exemptions to compulsory disclosure listed in 5 U.S.C. § 552(b).

37.   Defendant acted in bad faith when it failed to respond to FOIA request number SC 05-030 or enumerate any of the nine exemptions to compulsory disclosure pursuant to 5 U.S.C. § 522(b). Such inaction and failure to act violated 5 U.S.C. § 552, causing injury to the Plaintiff.

38.   Plaintiff PWC, which has exhausted its administrative remedies, is entitled to judicial review of this claim pursuant to 5 U.S.C. § 552(a)(4)(B).

WHEREFORE, Plaintiff, PWC, requests this Court:

a.   enjoin Defendant DEPARTMENT OF DEFENSE, U.S. SOUTHERN COMMAND from acting in bad faith and order it to conduct a good faith search of its records in response to the Plaintiff's request and to release to the Plaintiff all requested records located during the course of this search;

b.   conduct, pursuant to 5 U.S.C. § 552(a)(4)(B), an in camera review in the event any FOIA exemptions are claimed after this late date;

c.   order the Defendant to produce the requested documents within 10 days of the Order;

d.   require the Defendant, pursuant to 5 U.S.C. § 552(a)(4)(E), to pay the Plaintiff's litigation costs and expenses, including reasonable attorneys' fees; and

DCDATA 28878_1

e. award such other relief as this Court deems just, equitable and appropriate.

DATED: June 8, 2005

Respectfully submitted,

PRATT & WHITNEY CANADA CORP.
By Counsel

SCHNADER HARRISON SEGAL & LEWIS LLP

By: _____
JONATHAN M. STERN (DC Bar No. 412689)
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006-1825
Telephone: (202) 419-4202
Telefax: (202) 419-3454
E-mail: jstern@schnader.com

**Of counsel:**

**PATRICIA A. LEID**
District of Columbia Bar No. 446894 (inactive)
Florida Bar No. 0027006
**THORNTON, DAVIS & FEIN, P.A.**
Brickell Bayview Centre, Suite 2900
80 Southwest 8th Street
Miami, FL 33130
Telephone: (305) 446-2646
Fax: (305) 441-2374