UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

PRATT & WHITNEY CANADA CORP.          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )        Case No: 05-1136 (ESH)
                                       )
UNITED STATES DEPARTMENT OF            )
DEFENSE, U.S. SOUTHERN COMMAND         )
                                       )
            Defendants.                )
_____)

## DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant United States Department of Defense and Defendant the United States Southern Command hereby move to dismiss the complaint or, in the alternative, for summary judgment in this action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552. The reasons for this motion are set forth in the memorandum of points and authorities and supporting documents submitted herewith. A statement of material facts as to which there is no genuine issue is attached.

Dated: September 12, 2005.          Respectfully submitted,


    /s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


    /s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney.


    /s/
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PRATT & WHITNEY CANADA CORP. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 05-1136 (ESH) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| DEFENSE, U.S. SOUTHERN COMMAND | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to LCvR 7.1(h), Defendants Department of Defense ("DOD") and U.S. Southern Command ("USSOUTHCOM") respectfully submit this statement of material facts as to which it contends there is no genuine dispute.

**I.    DOD**

1.    Plaintiff does not allege that it sent a FOIA request to Defendant DOD, instead Plaintiff's request and communications regarding its request involve USSOUTHCOM.  See Compl. at ¶¶ 13- 14.

2.    To date, the Department of Defense's ("DOD") Office of Freedom of Information ("OFOI") has never received a FOIA request or any other correspondence from the plaintiff.  Consequently, OFOI has taken no action on the request that is the subject of the complaint in this case.  Kammer Decl. at ¶ 4.

**II.    USSOUTHCOM**

3.    USSOUTHCOM requested an aerial reconnaissance capability from the Secretary of Defense, who in turn tasked the Navy to provide the capability to USSOUTHCOM.  In the

present case, DOD, through the Navy, contracted for two aircraft to perform strategic reconnaissance services in Colombia in support of USSOUTHCOM.  Arroyo Decl. ¶¶ 8, 13.

4.     Both of the aircraft were involved in accidents, raising safety issues.  On April 3, 2003, Commander USSOUTHCOM directed the Navy Component, USNAVSOUTH, to conduct an aircraft accident investigation for each of the aircraft accidents.  Arroyo Decl. ¶ 16.  The aircraft accident investigation officer completed his investigations on July 1, 2004 and forwarded both accident investigation reports to the appointing authority, Commander, USNAVSOUTH. Commander, USNAVSOUTH, forwarded the accident investigation reports to Commander, USSOUTHCOM, on July 7, 2004.  Arroyo Decl. ¶¶ 19, 20.

5.     On or about November 23, 2004, USSOUTHCOM received a letter from plaintiff dated November 15, 2004 requesting information pertaining to the aircraft accidents. Arroyo Decl. ¶ 22.

6.     On December 10, 2004, USSOUTHCOM advised plaintiff by letter that her request had been referred to USNAVSOUTH for review, coordination, and final reply to plaintiff's request.  Arroyo Decl. ¶ 24.

7.     On December 21, 2004, USNAVSOUTH forwarded the FOIA request to NAVSAFCEN.  Arroyo Decl. ¶ 25.

8.     On February 24, 2005, NAVSAFCEN returned the aircraft accident investigation reports to USSOUTHCOM on the basis that they did not meet the requirements of an aircraft accident investigation, despite the investigations having been conducted and completed as aircraft accident investigations by the Navy under orders of the Commander, USNAVSOUTH. Arroyo Decl. ¶ 26.

9.    The responsive FOIA documents and a Vaughn Index were sent to

the plaintiff's counsel on August 10, 2005.  Arroyo Decl. ¶ 28.


Dated: September 12, 2005            Respectfully submitted,


/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney.

/s/
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
PRATT & WHITNEY CANADA CORP.    )
    )
    Plaintiff,    )
    )
    v.    )    Case No: 05-1136 (ESH)
    )
UNITED STATES DEPARTMENT OF    )
DEFENSE, U.S. SOUTHERN COMMAND    )
    )
    Defendants.    )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Rule 12(b)(6), or in the alternative Rule 56(b), of the Federal Rules of Civil

Procedure, Defendant United States Department of Defense ("DOD") and Defendant the United

States Southern Command ("USSOUTHCOM") hereby submit this memorandum in support of

their motion to dismiss or, in the alternative, for summary judgment.  Plaintiff brings this action

pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

**BACKGROUND**

USSOUTHCOM requested an aerial reconnaissance capability from the Secretary of

Defense, who in turn tasked the Navy to provide the capability to USSOUTHCOM.  The Navy

contracted for two aircraft to perform strategic reconnaissance services in Colombia in support of

USSOUTHCOM.  Arroyo Decl. ¶¶ 8, 13.

Both of the aircraft were involved in accidents, raising safety issues.  On April 3, 2003,

Commander USSOUTHCOM directed the Navy Component, USNAVSOUTH, to conduct an

aircraft accident investigation for each of the aircraft accidents.  Arroyo Decl. ¶ 16.  The aircraft

4

accident investigation officer completed his investigations on July 1, 2004 and forwarded both accident investigation reports to the appointing authority, Commander, USNAVSOUTH. Commander, USNAVSOUTH, forwarded the accident investigation reports to Commander, USSOUTHCOM, on July 7, 2004.  Arroyo Decl. ¶¶ 19, 20.  The plaintiff's FOIA request concerns the two accidents.

## ARGUMENT

### I.    Standard of Review

#### 1.    Motion to Dismiss

In resolving a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court will treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor.  Sullivan-Obst v. Powell, Secretary, Department of State, 300 F. Supp. 2d 85, 91 (D.D.C. 2004).  Therefore, the complaint will be dismissed if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Id.  Finally, while "many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations."  Id.

#### 2.    Summary Judgment

Summary judgment may be granted if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In Celotex Corp. v. Catrett , 477 U.S. 317, 327 (1986), the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every

action.'"  Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved.  See Cooper Cameron Corp. v. Dept. of Labor, 238 F.3d 539, 543 (5th Cir. 2002).

Summary judgment is available to a defendant in a FOIA case if the agency proves that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester.  Miller v. Department of State, 779 F.2d 1378, 1382 (8th Cir. 1985), citing Weisberg v. Department of Justice, 705 F.2d 1344, 1350 (D.C. Cir. 1983).  To discharge its FOIA obligations, the agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements."  Goland v. CIA, 607 F.2d 339, 352  (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980), quoting National Cable Television Ass'n. Inc. v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973).  The agency may sustain its burden by submitting detailed affidavits that identify the documents at issue and explain why they fall under the claimed exemptions.  See Summers v. Dept. of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998); Miller, 779 F.2d at1382.

Agencies establish that all of their obligations under the FOIA have been met through declarations.  Thus, when the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant.  Perry v. Block, 684 F.2d 121 (D.C. Cir. 1982).

## I.    DOD

### 1.    The Court Should Dismiss the Complaint or Grant Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies

Plaintiff does not allege that it sent a FOIA request to Defendant DOD, instead Plaintiff's request and communications regarding its request involve USSOUTHCOM. See Compl. at ¶ 13-14. Under FOIA, administrative remedies must be exhausted prior to judicial review. When a FOIA plaintiff attempts to obtain judicial review, without first properly undertaking full and timely administrative exhaustion, the lawsuit is subject to ready dismissal because "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA. Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004) (per curiam) (citing Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61-64 n.9 (D.C. Cir. 1990); see, e.g., Voiche v. United States Dep't of the Air Force, 983 F.2d 667, 669 (5th Cir. 1993) ("We conclude that the FOIA should be read to required that a party must present proof of exhaustion of administrative remedies prior to seeking judicial review."). Exhaustion allows top-level officials of an agency to correct possible mistakes made at lower levels and thereby obviate unnecessary judicial review. Oglesby, 920 F.2d at 61. Plaintiff does not allege that it sent a FOIA request or even an appeal to Defendant DOD. See Compl. Thus, Plaintiff has not exhausted its administrative remedies in regards to Defendant DOD.

## II.    USSOUTHCOM

### 1.    The USSOUTHCOM Properly Applied Exemption (b)(1)

Exemption (b)(1) provides that FOIA's disclosure requirements do not apply to records that are:

7

    (A)  specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy and

    (B) are in fact properly classified pursuant to such Executive Order.

5 U.S.C.§ 552(b)(1).  As the D.C. Circuit has explained, exemption (b)(1) "establishes a specific exemption for defense and foreign policy secrets, and delegates to the President the power to establish the scope of that exemption by executive order." Military Audit Project v. Casey, 656 F.2d 724, 737 (D.C. Cir. 1981).  The applicable executive order currently in effect is Executive Order No. 12598 which provides for the classification of military matters that are to be kept secret in the interest of national defense.

    As the Defendant describes in the declaration of Mr. Arroyo and also in the attached Vaugh Index, USSOUTHCOM redacted information that revealed operational capabilities and planning processes used to accomplish classified missions.  See Arroyo Decl. at ¶ 38.  As the D.C. Circuit has explained, judges "lack the expertise necessary to second-guess such agency opinions in the typical national security FOIA case." Id.  If the agency's affidavits describe the withheld information and the justification for withholding with "reasonable specificity, demonstrating a logical connection between the information and the claimed exemption," and "if the affidavits evidence neither bad faith on the part of the agency nor a conflict with the rest of the record," the agency is entitled to summary judgment. Id. at 147-48; see also Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir.1981); Allen v. Central Intelligence Agency, 636 F.2d 1287, 1291 (D.C. Cir.1980); Lesar v. United States Dept. of Justice, 636 F.2d 472, 481 (D.C. Cir.1980).  Here, USSOUTHCOM is entitled to summary judgment.

2.    <u>USSOUTHCOM Properly Applied Exemption (b)(5)</u>

USSOUTHCOM properly withheld documents under the attorney work product privilege

pursuant to Exemption (b)(5).  Exemption (b)(5) incorporates the attorney work-product

privilege, which protects documents and other memoranda prepared by an attorney in

contemplation of litigation.  "The work product doctrine requires only a reasonable

"contemplation" of litigation, not a clear certainty."  <u>Hertzberg v. Veneman</u>, 273 F. Supp 67, 80

((D.D.C. 2003) (documents properly withheld pursuant to Exemption 5, the attorney work

product privilege where materials were prepared in anticipation of litigation even though there

was no specific threat or initiation of litigation).  The test is not whether the "primary motivating

purpose" in preparing documents was for litigation but rather whether they were prepared

because of the realistic prospect of litigation.  <u>Hertzberg v. Veneman</u>, 273 F. Supp at 80.  To

meet this standard, a party "must at least have had a subjective belief that litigation was a real

possibility, and that belief must have been objectively reasonable" in the circumstances.  In re

Sealed Case, 146 F.3d 881, 884 (D.C. Cir. 1998); <u>see</u> <u>State of Maine v. United States Department</u>

<u>of Interior</u>, 298 F.3d 60, 67-68 (1ˢᵗ Cir 2002); <u>United States v. Adlman</u>, 134 F.3d 1194, 1198-

1203 (2d Cir. 1996).  The purpose of the privilege is to protect the adversarial trial process by

insulating the attorney's preparation from scrutiny.  <u>See</u> <u>Jordan v. United States Dep't of Justice</u>,

591 F.2d 753, 775 (D.C. Cir 1978) (en banc).

The Defendant withheld from release two reports prepared by U.S. Navy South in

contemplation of potential litigation.  Arroyo Decl. at ¶ 39.  These litigation reports were

prepared in contemplation of potential litigation which might arise, in view of the loss of two

lives, the taking of three hostages, and the loss of millions of dollars in contractor and

9

Government equipment in the February 13, 2003 accident; and the loss of three lives and the loss of millions of dollars in contactor and government equipment which resulted from the March 25, 2003 accident.  Arroyo Decl. ¶ 39.  Thus, the Defendant properly applied Exemption (b)(5).

3.     USSOUTHCOM Properly Withheld Documents under Exemption (b)( 6)

USSOUTHCOM properly asserted Exemption (b)( 6) over certain personnel information, including medical records, home addresses, and a license number.  Arroyo Decl. at ¶ 40. Exemption 6 of the FOIA protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  "'The phrase 'clearly unwarranted invasion of personal privacy' enunciates a policy that will involve a balancing of interests between the protection of an individual's private affairs from unnecessary public scrutiny, and the preservation of the public's right to governmental information.'"  Dept. of the Air Force v. Rose, 425 U.S. 352, 372 (1976).  Here, the redacted information provides no insight into how the Defendant performs its statutory duties, and thus there is no public interest in disclosure.   Because the release of such personnel information, including medical records, home addresses, and a license number would clearly be an unwarranted invasion of personal privacy, USSOUTHCOM's assertion of Exemption 6 should be upheld.

4.     USSOUTHCOM Properly Segregated Exempt Information

USSOUTHCOM has satisfied its obligation to release all reasonably segregable portions of information.  The D.C. Circuit has held that the district court has an affirmative duty to consider reasonable segregability even if the requester never raised it.  Trans-Pac. Policing

Agreement v. Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999); Kimberlin v. Dept. of

Justice, 139 F.3d 944, 951 (D.C. Cir.), cert. denied, 525 U.S. 89 (1998). If an agency determines

that nonexempt material is so "inextricably intertwined" that disclosure of it would "leave only

essentially meaningless words and phrases," the entire record may be withheld. Mead Data Cent.

Inc. v. Dept. of the Air Force, 566 F.2d 242, 261 (D.C. Cir. 1977). To demonstrate that the

withholding agency has disclosed all reasonably segregable material, "the withholding agency

must supply a relatively detailed justification, specifically identifying the reasons why a

particular exemption is relevant and correlating those claims with the particular part of a

withheld document to which they apply." King v. Dep't of Justice, 830 F.2d 210, 224 (D.C.

Cir.1987); Gutman, 238 F. Supp.2d at 295-6. The agency, however, is not required to provide so

much detail that the exempt material effectively would be disclosed. Mead Data, 566 F.2d at

261.

USSOUTHCOM has adequately explained that each document, and the pages contained

in each document, were evaluated for segregability and only portions of the documents that were

exempt were redacted. Arroyo Decl. at ¶¶ 32, 36. The attached Vaugh index also adequately

indicates what portion of information was redacted. Therefore, the Court should grant summary

judgment in favor of the Defendant.

4.    USSOUTHCOM Conducted a Reasonable Search

The requested documents and materials did not originate with Defendant

USSOUTHCOM but with the Navy. USSOUTHCOM requested an aerial reconnaissance

capability from the Secretary of Defense, who in turn tasked the Navy and the Navy contracted

11

for two aircraft to perform strategic reconnaissance services in Colombia in support of

USSOUTHCOM.  When the aircraft met with accidents, the Navy performed investigations.

These investigations are the subject of Plaintiff's FOIA request.  Arroyo Decl. ¶¶ 8, 13, 16, 19,

20.  The Navy forwarded the accident investigation reports to USSOUTHCOM on July 7, 2004

and USSOUTHCOM kept these documents in a storage area.  Arroyo Decl. ¶ 31.

USSOUTHCOM had released these documents pursuant to FOIA.  Arroyo Decl. ¶ 26.  In

addition, USSOUTHCOM has reviewed its files for any documents which might otherwise exist

at USSOUTHCOM responsive to the present FOIA request.  Based on the knowledge and

experience,  USSOUTHCOM believed that any such files would be located at the legal offices of

USSOUTHCOM.  Because USSOUTHCOM searched in the places most likely to locate

responsive records, the search was reasonably well designed and should be upheld.  E.g., Oglesby

v. United States Dep't of the Army, 920 F.2d 57, 68.9 (D.C. Cir. 1990).

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendants respectfully requests that the

Court grant this motion, enter summary judgment in favor of defendants and dismiss Plaintiff's

action.


Dated: September 12, 2005        Respectfully submitted,


/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney.


/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789

Assistant United States Attorney

555 Fourth Street, N.W.
Washington, D.C. 20530

(202) 514-7153

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing DEFENDANTS' MOTION FOR ENLARGEMENT

OF TIME and the accompanying order was filed via the Court's electronic filing system on

September 12, 2005 and is expected to be served by the Court's electronic transmission facilities

to:


**Jonathan Michael Stern**
SCHNADER HARRISON SEGAL & LEWIS, LLP
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
(202) 419-4202 phone
(202) 419-3454 fax
Email: jstern@schnader.com
Attorney for Plaintiff


_____/S/_____

ANDREA McBARNETTE

Assistant United States Attorney

14