UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Pratt & Whitney Canada | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:08CV01136 |
| United States Department | ) | |
| of Defense, United States | ) | |
| Southern Command | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DECLARATION OF WILLIAM T. KAMMER**

I, William T. Kammer, declare under penalty of perjury that the following information is true and correct to the best of my knowledge.

1. I am the Chief, Office of Freedom of Information (OFOI), Executive Services and Communications Directorate, Washington Headquarters Services (WHS), Department of Defense (DoD), and have held that position since August 2005. As Chief, I am responsible for implementation of the DoD Freedom of Information Act (FOIA) Program and issuance of agency-wide policy guidance and instruction on FOIA matters. See 32 CFR 286. Additionally, I supervise the processing of initial FOIA requests for documents within the possession and control of the Office of the Secretary of Defense (OSD) and the Joint Staff. I also supervise the processing of FOIA appeals for the OSD and the Joint Staff. I am

familiar with the procedures followed in responding to FOIA requests received by these offices, including the request that forms the basis of this litigation. Prior to my current position, I have been in several management positions within the office since 1998.

2. Due to the size and complexity of the DoD, each component of the DoD, including U.S. Southern Command, maintains their own filing systems. Therefore, the combatant commands respond directly to requesters for initial FOIA requests submitted to their organizations.

3. I am familiar with the subject litigation. The statements in this declaration are based on my personal knowledge and information I have received in my official capacity.

4. On August 16, 2005 OFOI learned that a complaint in this case had been filed. I note that the Complaint references Exhibit A, a FOIA request that was addressed to U.S. Southern Command, and not any request directed to OFOI. To date, OFOI has never received a FOIA request or any other correspondence from the plaintiff. As the request at Exhibit A was addressed and sent to U.S. Southern Command in Miami, Florida and not OFOI, OFOI has taken no action on the request that is the subject of the complaint in this case.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 17th day of August 2005, in Arlington, Virginia.

*William T. Kammer*

William T. Kammer

Exhibit A

# THORNTON, DAVIS & FEIN, P.A.
ATTORNEYS AT LAW

Brickell BayView Centre
80 SW 8th Street, Suite 2900
Miami, Florida 33130
305.446.2646 Phone
305.441.2374 Fax
www.tdflaw.com

Patricia A. Leid, Partner
Also admitted in DC and New York
leid@tdflaw.com

November 15, 2004

Sent by facsimile (305) 437-1320
Original will be sent US post.

Mr. Enrique Arroyo
Office of the Staff Judge Advocate
United States Southern Command
3511 N.W. 91st Ave.
Miami, Florida 33172

  Re: *Judith Janis v. Pratt & Whitney Canada, Inc., et al.*
    D/Loss: 2/13/2003
    Global File No. LN-107161
    TDF File No. 52-857

### THIS IS A FREEDOM OF INFORMATION ACT REQUEST.

Dear Mr. Arroyo:

  Undersigned counsel represents the interests of Defendant Pratt & Whitney, engine manufacturers, in the above-captioned litigation matter in the United States District Court for the Middle District of Florida, Case No. 6:04-CV-184-Orl-GKS-DAB. The accident involved Cessna 208B Caravan registration no. N1116G that crashed on February 13, 2003, near Florencia, Colombia. This is a wrongful death action based on products liability claims. Accordingly, it is imperative that my client be able to examine and review any and all documents, reports, photographs, recordings and other related materials from all investigations the various agencies and the safety center have compiled and completed.

  Thank you for taking time today to speak with me regarding the progress of the investigation on the part of the United States Navy Safety Center. We are requesting the following materials and attest to our ability and willingness to pay for any and all copies of documents produced or services provided. Should there be an advance deposit or fee related to any of the duplication, please advise me as soon as possible. We request the duplication of any photographs, drawings, computer models, maps, or graphic-type demonstrative information be made in color, if the original item was produced in that manner.

Mr. Enrique Arroyo
November 15, 2004
Page 2

1. Any and all releasable information from the U.S. Navy Safety Center investigation and report, including, but not limited to photographs, videotapes, interviews, witness statements, maps, recordings, wreckage inspection notes, and other related materials compiled in the investigation.

2. Findings of fact, probable cause, and safety recommendations from the U.S. Navy Safety Center concerning the subject accident, if maintained separately from the information in number 1 above.

3. Any and all releasable information from the Office of the Staff Judge Advocate, Department of the Defense, U.S. Navy, and/or any other United States agencies or branches of the military or government developed, compiled, and/or completed as part of the "Legal Investigation" of the subject accident.

4. Findings of fact, probable cause, and conclusions of law as determined by the Office of the Staff Judge Advocate, Department of Defense, U.S. Navy, and any other United States agencies or branches of the military or government relating to or referring to the subject accident.

5. Any and all information related to the subject accident as provided and produced by government contractors to any of the investigative entities mentioned in number 3 above or Colombian foreign authorities, military, government, or consulate.

6. Any and all information provided by or to the Colombian foreign authorities, military, civilian contractors, consulate, embassy or government relating to or referring to the subject accident from the United States military, its government contractors or governmental agencies.

7. Any and all correspondence between the Colombian foreign authorities, military, civilian contractors, consulate, embassy or government and the U.S. government, its government contractors or governmental agencies relating to and referring to the subject accident.

8. Any and all tape recordings or cockpit transmissions sent by the crew or passengers on the subject aircraft to Colombian foreign authorities, military, civilian contractors, consulate or government entities.

9. Any and all tape recordings or cockpit transmissions sent by the crew or passengers on the subject aircraft to United States military, its government contractors or governmental agencies.

10. Any and all information, videotapes, films, and documentation concerning the removal of the wreckage from the crash site, and the storage, maintenance, and disposal of the subject wreckage at Larandia Air Force Base, in Colombia.

THORNTON, DAVIS & FEIN, P.A.