UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRATT & WHITNEY CANADA CORP.,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>DEFENSE, UNITED STATES SOUTHERN<br>COMMAND,<br>Defendants. | )<br>)<br>)<br>)<br>)    CASE NUMBER: 05 1136 ESH<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF ENRIQUE ARROYO

I, ENRIQUE ARROYO, declare the following to be true and correct to the best of my knowledge

and belief. I base this declaration on personal knowledge as well as information provided or

made available to me by others.

### GENERAL INFORMATION

1. I am the Attorney Advisor (International) for United States Southern Command

(USSOUTHCOM), located in Miami, Florida. My position is a Federal civil service position

within the USSOUTHCOM Office of the Staff Judge Advocate (SCSJA).  As the Attorney

Advisor for USSOUTHCOM, I am responsible for, among other things, legal matters related to

counter-narcoterrorist (CNT) operations conducted by and on behalf of USSOUTHCOM in the

USSOUTHCOM area of responsibility (AOR), which includes all of Central and South America

and the Caribbean, as well as adjacent waters, and specifically includes CNT operations in

Colombia. In addition to serving as the Attorney Advisor for USSOUTHCOM, I served as an Air

Force Judge Advocate and retired after 30 years of combined active duty and reserve military

service. In my capacity as an Air Force Judge Advocate, I attended the Air Force Aircraft

Accident Investigation Legal Advisor Course and worked on the development of an aircraft

accident investigation handbook to be used by U.S. and Latin American Air Forces. I am also

licensed as a private pilot.

2. I was asked to provide legal advice regarding the aircraft accidents which are the

subject of this action, and have been asked to provide the present declaration.

3. In my capacity as legal advisor to USSOUTHCOM concerning these accidents, I have

worked with Mr. Marcos Villalobos, who is the USSOUTHCOM Freedom of Information

Act/Privacy Act Coordinator (FOIA/PA Coordinator). Upon information and belief, his duties in

that capacity are, *inter alia,* to act as liaison with other Directorates and Staff Offices of

USSOUTHCOM in responding to requests submitted under both the Freedom of Information Act

(FOIA), 5 U.S.C. § 552 et *seq.* and the Privacy Act (PA), 5 U.S.C. § 552a et *seq.;* to review

requests under these Acts which are referred to USSOUTHCOM and other components of the

Department of Defense (DOD) and by other agencies; to review the search for and the location of

records; to review the responses prepared by USSOUTHCOM to assure that determinations to

withhold or to release records of USSOUTHCOM are in accordance with the provisions of both

the FOIA and PA and DOD regulations, 28 C.F.R § 16.40 et seq.*;* and to review copies of

correspondence related to requests which have been assigned to USSOUTHCOM for

determination and response.  As Privacy Act Coordinator, Mr. Villalobos is responsible for the

release and/or withholding of records requested under the FOIA and PA.

**DESCRIPTION OF DOD, THE COMBATANT COMMANDS, AND THE MILITARY
SERVICES**

4. A description of the relationship between USSOUTHCOM and other DOD entities

may be of assistance to the Court. The chain of command for the Combatant Commands is very

short, and runs from the President and Vice President of the United States, to the Secretary of

Defense, and then to the Combatant Commanders. There are five U.S. geographic Combatant

Commands, each of which is responsible for military matters in a specific geographic region of

the world. The geographic Combatant Commands are each commanded by a four-star General,

who is appointed by the President of the United States with the advice and consent of the Senate.

The Geographic Combatant Commands are U.S. Central Command (USCENTCOM), which has

responsibility for the Middle East and adjacent waters; U.S. European Command (USEUCOM),

which has responsibility for Europe and Africa and all adjacent waters; U.S. Northern Command

(USNORTHCOM), which has responsibility for North America and all adjacent waters; U.S.

Pacific Command (USPACOM), which has responsibility for Asia and the Pacific, including all

adjacent waters; and U.S. Southern Command (USSOUTHCOM) which, as previously stated,

has responsibility for all of Central and South America, the Caribbean, and adjacent waters.

5. The Combatant Commanders are the commanders through which the DOD conducts

military operations in each geographic region of the world, including all DOD CNT operations.

6. The Services (Army, Navy, Air Force and Marine Corps) have the mission of training,

equipping and providing forces and military capabilities to the Combatant Commanders. In any

military operation conducted by a Combatant Commander, the applicable Combatant

Commander requests forces or capabilities from the Services via the Secretary of Defense, and

the Services, in turn, provide the forces and capabilities necessary for the execution of the

mission by the Combatant Commander. This is particularly relevant to the manner in which the aircraft accident investigations were conducted in the present case, and the manner in which the responses to the Freedom of Information Act (FOIA) requests were provided.

7. Each Service has a component which is oriented toward each geographic Combatant Command and which works on a regular basis on military matters pertaining to that specific Combatant Command. The Service component is the point of contact between the Combatant Commander and the Service. In the case of USSOUTHCOM, the Navy Service component is U.S. Naval Forces Southern Command (USNAVSOUTH), located in Mayport, Florida.

8. In the present case, USSOUTHCOM requested an aerial reconnaissance capability from the Secretary of Defense, who in turn tasked the Navy to provide the capability to USSOUTHCOM. The Navy was selected as a result of its expertise with the specific type of reconnaissance capability needed by USSOUTHCOM. The Navy contracted with Northrup Grumman Corporation to provide the capability.

**THE AIRCRAFT ACCIDENT SAFETY INVESTIGATION PROCESS**

9. The Services (in this case the Navy) are the only entities within DOD which provide forces and capabilities to the Combatant Commanders (including contracted civilian aircrews and aircraft). Only the Services operate Safety Centers with the expertise to investigate aircraft accidents, and only the Services conduct aircraft accident investigations of the aircraft and crews provided by them to the Combatant Commanders.

10. There are three Safety Centers through which DOD investigates aircraft accidents. These are operated by the Army, the Air Force and the Navy, and investigate aircraft accidents arising from the activities of each respective Service. The Navy Safety Center (NAVSAFCEN)

also handles aircraft accident investigations arising from the activities of the Marine Corps, which is a part of the Navy.

11.  The DOD is responsible for regulating the conduct of the Combatant Commands and the Services. The DOD instruction which governs the investigation of aircraft accidents arising from aircraft operations conducted in a Combatant Commander's AOR is DOD Instruction 6055.7, dated October 3, 2000 (DODI 6055.7).

12.  DODI 6055.7 provides specifically for the manner in which a Combatant Commander shall assure that aircraft accidents involving civilian contractors and DOD property, such as the accidents which are the subject of this action, are investigated. It provides, at paragraph E4.11:

> *Each Head of a DOD Component, or designee, shall:*
> *...*
> *E.4.11.2  Direct the contracting DOD Component to conduct the investigation and prepare a report for accidents...*

13.  In the present case, DOD, through the Navy, contracted with Northrup Grumman Corporation for two Cessna Caravan aircraft and crews to perform strategic reconnaissance services in Colombia in support of USSOUTHCOM CNT operations, as part of the USSOUTHCOM Strategic Reconnaissance System (SRS).

14.  On February 13, 2003, while on an SRS mission, one of the two Cessna Caravan aircraft with five persons on board, including four U.S. civilian contractors and one Colombian military member, was forced to conduct an emergency landing. The aircraft landed on a ridge, without injury to the occupants, who exited the aircraft.  Upon exiting the aircraft, two of the occupants, the pilot, Thomas J. Janis, and a Colombian Sergeant were killed by members of the Fuerzas Armadas Revolucionarias Colombianas (FARC), a Colombian narco-terrorist

organization. The three other occupants were taken captive by the FARC and are presently being held hostage.

15.  On March 25, 2003, the second Cessna Caravan aircraft, which was also on an SRS mission crashed, killing the three crewmembers on board. All were all U.S. contractors.

16.  The two aircraft accidents, which occurred in a very short period of time, raised safety issues. On April 3, 2003, Commander USSOUTHCOM, pursuant to DODI 6055.7, paragraph E.4.11, directed the Navy Component, USNAVSOUTH, to conduct an aircraft accident investigation for each of the aircraft accidents.

17.  The Commander, USNAVSOUTH, in turn, appointed an aircraft accident investigation officer, who conducted an aircraft accident investigation in each of the two crashes. The appointing order required that copies of the aircraft accident investigations be provided to NAVSAFCEN and to USSOUTHCOM.

18.  DODI 6055.7 provides for the Services to adopt regulations for the investigation of aircraft accidents. The Navy regulation which governs the investigation of aircraft accidents is Navy Instruction 3750.6R, which was the Navy Instruction followed by the aircraft accident investigator in conducting the investigations of the February 13 and March 25, 2003 accidents.

19.  The aircraft accident investigation officer completed his investigations on July 1, 2004 and forwarded both accident investigation reports to the appointing authority, Commander, USNAVSOUTH.

20.  Commander, USNAVSOUTH, forwarded the accident investigation reports to Commander, USSOUTHCOM, on July 7, 2004.

### SUMMARY OF FOIA COMMUNICATIONS AND CORRESPONDENCE

21. On or about November 15, 2003, counsel for Plaintiff in the present action, Ms. Patricia Leid, telephoned this office to ask where she should mail a Freedom of Information Act (FOIA) request for records related to the aircraft accident investigation of the February 13, 2003 aircraft accident. I advised her that the investigation had been conducted by the U.S. Navy, that the U.S. Navy was the appropriate release authority for any safety accident investigation records, and that she should request the records from the Navy. I further advised Ms. Leid that she could send the FOIA request to our office, and that the request would be forwarded by this office to the appropriate Navy office, if she desired. The offer was made as a courtesy to Ms. Leid, in view of the fact that both she and USSOUTHCOM are in Miami, Florida. Additionally, at the time, USNAVSOUTH was in the process of moving from Roosevelt Roads, Puerto Rico as a result of the closure of that Naval base, and exact addresses at their new base were therefore unclear. The undersigned offered to accept the FOIA request and transmit it in order to avoid confusion in obtaining the exact mailing address for the FOIA request.

22. On or about November 23, 2004, USSOUTHCOM received a letter from Ms. Leid dated November 15, 2004 requesting information pertaining to the February 13, 2003 aircraft accident. A copy of the letter is attached as Exhibit A.

23. On November 23, 2003, USSOUTHCOM, through its FOIA office, responded in writing to Ms. Leid, confirmed that it had received Ms. Leid's November 15, 2004 letter, and assigned the request case number SC 05-030. A copy of the letter is attached as Exhibit B.

24. On December 10, 2004, USSOUTHCOM advised Ms. Leid by letter that her request had been referred to USNAVSOUTH for review, coordination, and final reply to her request. A copy of the letter is attached as Exhibit C.

25. On December 21, 2004, USNAVSOUTH forwarded the FOIA request to NAVSAFCEN by letter. A copy of the letter is attached as Exhibit D.

26. On February 24, 2005, NAVSAFCEN returned the aircraft accident investigation reports to USSOUTHCOM on the basis that they did not meet the requirements of an aircraft accident investigation, despite the investigations having been conducted and completed as aircraft accident investigations by the Navy under orders of the Commander, USNAVSOUTH. A copy of the letter is attached as Exhibit E.

27. Despite strong disagreement by USSOUTHCOM concerning the proper release of the investigations, the Navy maintains that USSOUTHCOM has release authority and recommends that USSOUTHCOM release responsive documents pursuant to the applicable FOIA exemptions.

28. The responsive FOIA documents and a Vaughn Index were sent to the plaintiff's counsel under cover letter dated August 9, 2005. Copies of the letter, the Vaughn Index, and the documents are attached as Exhibit G.[1] An Amended Vaughn Index which

---

[1] A dispute yet to be resolved between the Navy and USSOUTHCOM erupted regarding the proper release authority of the documents responsive to the FOIA request. A series of meetings and communications have occurred between the Navy (USNAVSOUTH, Navy Safety Center, and legal representatives of the Vice-Chief of Naval Operations and the office of The Judge Advocate General of the Navy) and USSOUTHCOM on the proper release of of these investigations. This issue will require resolution at the highest levels within DOD.

On March 18, 2005, Ms. Leid wrote to USSOUTHCOM concerning her FOIA request. A copy of the letter is attached as Exhibit F. She was advised telephonically by the undersigned of the fact that the authority to release the safety investigation information was the Navy's, and that USSOUTHCOM was not an authorized release authority. She was also advised of the predicament in which the return of the safety investigations placed USSOUTHCOM, especially in view of the existence of the three U.S. hostages in captivity by narcoterrorist forces in Colombia, and the concern that the release of the aircraft accident investigations might jeopardize the safety of the hostages, as well as jeopardize the safety of aircrews in on-going CNT operations in the USSOUTHCOM AOR.

The question of whether these safety investigations are in fact aircraft accident investigations under DOD and Navy regulations is the subject of ongoing high-level military

clarified information previously provided was provided under cover of letter dated August 23, 2005. The Amended Vaughn Index and cover letter are attached as Exhibit I.

## ADEQUACY OF THE SEARCH

29.    In responding to the present FOIA request, USSOUTHCOM has reviewed copies of the aircraft accident investigations of the incidents of February 13, 2003 and March 25, 2003 provided to it by the Navy (USNAVSOUTH and NAVSAFCEN legal counsel). These records were provided to USSOUTHCOM legal counsel by counsel for USNAVSOUTH and NAVSAFCEN.

30.    The Navy has not provided USSOUTHCOM with any other relevant documents with which to respond to the present FOIA request. Navy legal counsel have advised undersigned that the Navy has conducted a search of its files and that no additional records responsive to the present case exist in the Navy's possession.

31.    The Navy has redacted portions of the material pursuant to exemptions granted under FOIA. After receipt of the documents from the Navy, USSOUTHCOM reviewed the documents and redacted minor portions due to secrecy exemptions under FOIA. The location of the redactions, the number of words redacted, the FOIA exemption relied upon, and the justification for the withholding are all described in the Vaughn Index attached as Exhibit G.

32.    USSOUTHCOM/SCSJA has reviewed its files in order to respond to the present FOIA request. To the best of my understanding and belief, any documents which might exist at

---

policy deliberations, which will have to be resolved by DOD.  At stake are threshold issues of the status of safety investigations in aircraft accidents involving civilian contractors conducting military operations.  The issue of whether the information is privileged safety investigation information has not yet been decided by DOD.  Notwithstanding this fact, the Navy maintains that USSOUTHCOM, the defendant in the current action, has release authority and should release all information not otherwise privileged under FOIA, so as not to further delay access to the records by Plaintiff. USSOUTHCOM is so proceeding.

USSOUTHCOM responsive to the present FOIA request would reside in files located at USSOUTHCOM/SCSJA, the legal offices of USSOUTHCOM.

33. USSOUTHCOM/SCSJA, pursuant to its search for documents responsive to this request, has found copies of Litigation Reports for each of the aircraft accidents, the originals of which are in the possession of the Judge Advocate General of the Navy, and which are not releasable under FOIA due to their nature as privileged attorney work product. These records, in their entirety, are exempt from disclosure under FOIA pursuant to 5 U.S.C. § 552 (b)(5). As the undersigned understands Navy regulations, these Litigation Reports were prepared in contemplation of potential litigation which might arise, in view of the loss of two lives, the taking of three hostages, and the loss of millions of dollars in contractor and Government equipment in the February 13, 2003 accident; and the loss of three lives and the loss of millions of dollars in contactor and Government equipment which resulted from the March 25, 2003 accident. Upon information and belief, it was reasonable for the Navy to conduct these Litigation Reports in contemplation of potential litigation which might arise as a result of these serious accidents.

34. USSOUTHCOM/SCSJA, pursuant to its search for documents responsive to the present FOIA request, has also found copies of emails and correspondence relating to the disposition of the wreckage located at Larandia Air Base, Colombia. These documents had been in the same storage area as the aircraft accident investigations and had been inadvertently overlooked. These documents have been provided in their entirety, and consist of 20 pages of written documents. These documents were provided to Plaintiff under cover of letter dated August 9, 2005. A copy of the documents and letter are attached as Exhibit H.

35. Each document, and the pages contained in each document, was evaluated for segregability. Only portions of the documents that are exempt were redacted. Where a document was withheld in its entirety, the agency determined that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole.

36. The documents described in this declaration and the Vaughn Index were initially sent to the plaintiff's counsel under transmittal letter dateddated August 9, 2005. The additional wreckage documents were provided under transmittal letter also dated August 9, 2005. Copies of the transmittal letters are attached as Exhibits G and H. An Amended Vaughn Index and cover letter are attached as Exhibit I.

## DESCRIPTION OF RESPONSIVE MATERIAL

37. The Navy has, upon information and belief, provided the totality of both of the aircraft accident investigations in their present form, with the exception of the minor redactions noted in the Amended Vaughn Index at Exhibit G.

38. As stated in 34 above, USSOUTHCOM/SCSJA has also found copies of emails and correspondence relating to the disposition of the wreckage located at Larandia Air Base, Colombia which are responsive to Plaintiff's request. These documents are being provided in their entirety, and consist of 20 pages of written materials and were provided under cover letter dated 9 August 2005 attached as Exhibit I.

## APPLICATION OF FREEDOM OF INFORMATION AND PRIVACY ACT EXEMPTIONS

39.  The FOIA, 5 U.S.C. § 552(b)(1) exempts matters that are specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and are in fact properly classified pursuant to such Executive order. Executive order 12598 provides for the classification of military matters that are to be kept secret in the interest of national defense. Certain information contained in the aircraft accident investigations has been redacted based on this FOIA exemption and is described in the Vaughn Index attached at Exhibit G. The information redacted tended to show operational capabilities and planning processes used to accomplish classified missions.

40.  The FOIA, 5 U.S.C. § 552(b)(5), exempts attorney work product as inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.  Two reportsreports prepared by U.S. Navy South in contemplation of potential litigation were withheld from release. These records, in their entirety, are exempt from disclosure under FOIA pursuant to 5 U.S.C. § 552 (b)(5). As the undersigned understands Navy regulations, these Litigation Reports were prepared in contemplation of potential litigation which might arise, in view of the loss of two lives, the taking of three hostages, and the loss of millions of dollars in contractor and Government equipment in the February 13, 2003 accident; and the loss of three lives and the loss of millions of dollars in contactor and Government equipment which resulted from the March 25, 2003 accident. Upon information and belief, it was reasonable for the Navy to conduct these Litigation Reports in contemplation of potential litigation which might arise as a result of these serious accidents.

41.  The FOIA, 5 U.S.C. § 552(b)(6), exempts matters that are personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Certain information contained in the aircraft accident investigations has been redacted based on this FOIA exemption and is described in the Vaughn Index attached at Exhibit G.  Certain personnel information, including medical records, home addresses, and license number were withheld to prevent an unwarranted invasion of privacy.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

8 Sept 2005
DATE

ENRIQUE ARROYO
Attorney Advisor
United States Southern Command
3511 N. W. 91 Avenue
Miami, Florida 33172

Exhibit A

# THORNTON,
# DAVIS
# &
# FEIN, P.A.
### ATTORNEYS AT LAW

Brickell BayView Centre
80 SW 8th Street, Suite 2900
Miami, Florida 33130
305.446.2646 Phone
305.441.2374 Fax
www.tdflaw.com

Patricia A. Leid, Partner
Also admitted in DC and New York
leid@tdflaw.com

November 15, 2004

**Sent by facsimile (305) 437-1320**
Original will be sent US post.

Mr. Enrique Arroyo
Office of the Staff Judge Advocate
United States Southern Command
3511 N.W. 91ˢᵗ Ave.
Miami, Florida 33172

> Re: *Judith Janis v. Pratt & Whitney Canada, Inc., et al.*
> D/Loss: 2/13/2003
> Global File No. LN-107161
> TDF File No. 52-857

### THIS IS A FREEDOM OF INFORMATION ACT REQUEST.

Dear Mr. Arroyo:

Undersigned counsel represents the interests of Defendant Pratt & Whitney, engine manufacturers, in the above-captioned litigation matter in the United States District Court for the Middle District of Florida, Case No. 6:04-CV-184-Orl-GKS-DAB. The accident involved Cessna 208B Caravan registration no. N1116G that crashed on February 13, 2003, near Florencia, Colombia. This is a wrongful death action based on products liability claims. Accordingly, it is imperative that my client be able to examine and review any and all documents, reports, photographs, recordings and other related materials from all investigations the various agencies and the safety center have compiled and completed.

Thank you for taking time today to speak with me regarding the progress of the investigation on the part of the United States Navy Safety Center. We are requesting the following materials and attest to our ability and willingness to pay for any and all copies of documents produced or services provided. Should there be an advance deposit or fee related to any of the duplication, please advise me as soon as possible. We request the duplication of any photographs, drawings, computer models, maps, or graphic-type demonstrative information be made in color, if the original item was produced in that manner.

Mr. Enrique Arroyo
November 15, 2004
Page 2

    1.      Any and all releasable information from the U.S. Navy Safety Center investigation and report, including, but not limited to photographs, videotapes, interviews, witness statements, maps, recordings, wreckage inspection notes, and other related materials compiled in the investigation.

    2.      Findings of fact, probable cause, and safety recommendations from the U.S. Navy Safety Center concerning the subject accident, if maintained separately from the information in number 1 above.

    3.      Any and all releasable information from the Office of the Staff Judge Advocate, Department of the Defense, U.S. Navy, and/or any other United States agencies or branches of the military or government developed, compiled, and/or completed as part of the "Legal Investigation" of the subject accident.

    4.      Findings of fact, probable cause, and conclusions of law as determined by the Office of the Staff Judge Advocate, Department of Defense, U.S. Navy, and any other United States agencies or branches of the military or government relating to or referring to the subject accident.

    5.      Any and all information related to the subject accident as provided and produced by government contractors to any of the investigative entities mentioned in number 3 above or Colombian foreign authorities, military, government, or consulate.

    6.      Any and all information provided by or to the Colombian foreign authorities, military, civilian contractors, consulate, embassy or government relating to or referring to the subject accident from the United States military, its government contractors or governmental agencies.

    7.      Any and all correspondence between the Colombian foreign authorities, military, civilian contractors, consulate, embassy or government and the U.S. government, its government contractors or governmental agencies relating to and referring to the subject accident.

    8.      Any and all tape recordings or cockpit transmissions sent by the crew or passengers on the subject aircraft to Colombian foreign authorities, military, civilian contractors, consulate or government entities.

    9.      Any and all tape recordings or cockpit transmissions sent by the crew or passengers on the subject aircraft to United States military, its government contractors or governmental agencies.

    10.      Any and all information, videotapes, films, and documentation concerning the removal of the wreckage from the crash site, and the storage, maintenance, and disposal of the subject wreckage at Larandia Air Force Base, in Colombia.

THORNTON, DAVIS & FEIN, P.A.

Mr. Enrique Arroyo
November 15, 2004
Page 3

    Thank you for your attention to this matter. If you have any questions regarding this request, please do not hesitate to contact me, at (305) 446-2646, ext. 202.

Very truly yours,

PATRICIA A. LEID

THORNTON, DAVIS & FEIN, P.A.

Exhibit B



**DEPARTMENT OF DEFENSE**
UNITED STATES SOUTHERN COMMAND
3511 NW 91ST AVENUE
MIAMI, FL 33172-1217

REPLY TO
ATTENTION OF

November 23, 2004

Directorate of Manpower, Personnel
and Administration

Ref: SC 05-030

Ms. Patricia A. Leid
Thorton, Davis & Fein, P.A.
Brickell Bay View Centre
80 SW 8th Street, Suite 2900
Miami, Florida 33130

Dear Ms. Leid:

We received your Freedom of Information Act request of November 15, 2004, wherein you are requesting information related to the accident of the Cessna 208B Caravan registration No. N1116G that crashed in Florencia, Colombia on February 13, 2003.

Your request has been assigned case number SC 05-030. We are processing it and will be responding to you in the near future.

Sincerely,

Jean Carrillo
Lieutenant, U.S. Navy
Adjutant General

Exhibit C



**DEPARTMENT OF DEFENSE**
UNITED STATES SOUTHERN COMMAND
3511 NW 91ST AVENUE
MIAMI, FL 33172-1217

REPLY TO
ATTENTION OF

December 10, 2004

Directorate of Manpower, Personnel                    Ref: SC 05-030
and Administration

Ms. Patricia A. Leid
Thorton, Davis & Fein, P.A.
Brickell Bay View Centre
80 SW 8th Street, Suite 2900
Miami, Florida 33130

Dear Ms. Leid:

This refers to your November 15, 2004, Freedom of Information Act request for information related to the accident of the Cessna 208B Caravan registration No. N1116G that crashed in Florencia, Colombia on February 13, 2003.

Several responsive documents were located responsive to your Freedom of Information Act (FOIA) request. However, our review determined that we are not the documents originator. Accordingly, your FOIA request and responsive documents have been referred to the Commander, U.S. Naval Forces Southern Command for their review, further coordination, and final reply to you. In the interim should you desire to contact them, their mailing address is as follows:

Commander
U.S. Naval Forces Southern Command
P.O. Box 280003, Bldg 1878
Mayport, Fl 32228.

If you have questions about this FOIA request, please contact Mr. Marco T. Villalobos at DSN 567-1108 or commercial (305) 437-1108.

Sincerely,

Jean Carrillo
Lieutenant, U.S. Navy
Adjutant General

# Exhibit D



**DEPARTMENT OF THE NAVY**

COMMANDER
U. S. NAVAL FORCES SOUTHERN COMMAND
P.O. BOX 28003, BLDG 1878
MAYPORT, FL 32228-0003

REFER TO:

5720
Ser N02L/C279
21 Dec 04

**CONFIDENTIAL** - Unclassified upon removal of enclosure (1)

From:  Commander, U.S. Naval Forces Southern Command
To:    Commander, Navy Safety Center

Subj:  FREEDOM OF INFORMATION ACT (FOIA) REQUEST - DOCUMENTS
       REVIEW, SC 05-030

Ref:   (a) COMSOUTHCOM memo of 10 Dec 04

Encl:  (1) SRS Safety Investigation

1.  Per Reference (a) and enclosure (1), the following documents
are referred to your organization as a matter under your
cognizance for review and release.

2.  My Point of Contact in this matter, should you need further
assistance, is LCDR Mario de Oliveira, JAGC, USN at 904-270-7354
ext 144.

                                    V. E. SMITH

Copy to:

# Exhibit E



**DEPARTMENT OF THE NAVY**
NAVAL SAFETY CENTER
375 A STREET
NORFOLK, VIRGINIA 23511-4399

5100
Ser 03/0210
24 Feb 05

From:   Commander, Naval Safety Center
To:     Commander, United States Southern Command (Attn: Mr.
        Enrique Arroyo, Office of the Staff Judge Advocate), 3511
        N.W. 91st Avenue, Miami, Florida 33172-1217

Subj:   RETURN OF MISHAP REPORTS OF CONTRACTOR MISHAPS IN
        COLUMBIA, SOUTH AMERICA

Ref:    (a)  OPNAVINST 5102.1C
        (b)  DoDI 6055.7
        (c)  COMNAVSAFECEN ltr 5100 Ser 47/0803 dtd 17 Sep 04

Encl:   (1)  Mishap report from Columbia, South America mishap 13
             Feb 03
        (2)  Mishap report from Columbia, South America mishap 25
             Mar 03
        (3)  FOIA request of Ms. Victoria Bruce
        (4)  FOIA request of Mr. Shelby Edwards
        (5)  FOIA request of Mrs. Sharon Schmidt
        (6)  FOIA request of Mr. Edwin Marger
        (7)  FOIA request of Mr. Michael Evans

1.  After extensive research and consultation, the Naval Safety
Center has concluded that these mishap reports, attached as
enclosures (1) and (2), were not prepared under authority of
references (a) and (b) in that no Naval Safety Center personnel
were involved in the mishap investigations and the mishaps do
not meet the necessary requirements.  Therefore, they do not
come under our cognizance.

2.  As a consequence, enclosures (1) and (2) are returned to you
for disposition.  No copies of these reports are being retained
at Naval Safety Center and the mishaps will not be placed in the
Navy mishap database.  Reference (c) is cancelled.

3.  Because enclosures (1) and (2) are not safety reports, we
request that the title of "safety investigation report" be
removed.

4.  Additionally, enclosures (3) through (7) are forwarded to
you for action and direct reply to the requesters.  Because

Subj:  RETURN OF MISHAP REPORTS OF CONTRACTOR MISHAPS IN
       COLUMBIA, SOUTH AMERICA

these reports are not naval safety reports under the cognizance
of the Naval Safety Center, you are reminded that no safety
privilege, as recognized under references (a) and (b), attach to
these reports.

5.  The command point of contact is LT E. Taylor George, JAGC,
USNR, Flag Staff Judge Advocate, COML (757) 444-3520 extension
7047, DSN 564.


                                  R. E. BROOKS

Copy to:  (w/o encls)
Commander, Naval Forces South
OJAG Code 13
OJAG Code 14
FOIA Requesters

MAR 0 1 2005

                    2

# Exhibit F

# THORNTON,

## DAVIS

## &

# FEIN, P.A.

ATTORNEYS AT LAW

Brickell BayView Centre
80 SW 8th Street, Suite 2900
Miami, Florida 33130
305.446.2646 Phone
305.441.2374 Fax
www.tdflaw.com

Patricia A. Leid, Partner
Also admitted in DC and New York
leid@tdflaw.com

March 18, 2005

**Sent by facsimile (305) 437-1320**
Original will be sent US post.

Mr. Enrique Arroyo
Office of the Staff Judge Advocate
United States Southern Command
3511 N.W. 91st Ave.
Miami, Florida 33172

Re:     *Judith Janis v. Pratt & Whitney Canada, Inc., et al.*
         D/Loss: 2/13/2003
         Global File No. LN-107161
         TDF File No. 52-857
         FOIA Request No.: SC 05-030

### THIS IS AN INQUIRY INTO A PENDING
### FREEDOM OF INFORMATION ACT REQUEST.

Dear Mr. Arroyo:

We have now passed the 120-day mark since the above-noted Freedom of Information Act request was propounded on behalf of my client, Pratt & Whitney, to your office, yet without **any** substantive response. Since November 15, 2004 when the FOIA request was first filed, you and I have engaged in ongoing dialog concerning the delays and various reasons for not responding, which notably have included the participation of the U.S. Navy Safety Center. Although the politics of the investigation have been interesting, they are not beneficial to my client in any way, nor do I believe that Congress intended this public information-seeking process to amount to such a "hot potato" between two governmental agencies or branches of the government.

We are actively litigating this case in the United States District Court, Middle District of Florida, Case No. 6:04-CV-184-Orl-GKS-DAB, before the Honorable Judge G. Kendall Sharp. Your department's failure to respond to our FOIA request is affecting my client prejudicially and numerous federal pretrial deadlines are rapidly approaching which will be compromised by the delay in discovery.

Mr. Enrique Arroyo
March 18, 2005
Page 2

We would greatly appreciate and deserve a response to our FOIA request now. We have refrained from initiating written correspondence until this time because I felt perhaps we were making some progress. That is no longer the case. Please respond by producing the releasable documents and information in a timely manner to which the requester is entitled or state, pursuant to the FOIA statutory regulations, the specific reasons why such a response is being withheld. If we do not receive a substantive response within the next 14 days, we will be forced to address the problem with a federal district court judge and/or seek remedy through a motion to compel.

Thank you for your anticipated prompt response.

Very truly yours,

PATRICIA A. LEID

cc:    Lt. E. Taylor George
       Fax: (757) 445-9125

THORNTON, DAVIS & FEIN, P.A.

R:\Library\52857\corresp\Arroyo ltr02.doc

Exhibit G

## VAUGHN INDEX
Pratt & Whitney

### 13 February 2003 SRS Crash Investigation

| Page # | | Redaction | Exemp. | Justification for Withholding |
|---|---|---|---|---|
| 10 | Line 5 | 2 words | b(1) | Classified Information (Name of operation) |
| 11 | Para. 2 | 1 word | b(1) | Classified Information—nature of the operation |
| 11 | Para. 5 | 26 words | b(1) | Classified Information—operational capabilities |
| 12 | Para 1 | 7 words | b(1) | Classified Information—nature of the operation |
| 13 | Para 1c | 1 word | b(1) | Classified Information—nature of the operation |
| 14 | Para. d | 19 words | b(6) | Personal medical information |
| 22 | Para. 9 line 6 | 1 word | b(1) | Classified information—capabilities of resources |
| 23 | Para 11 | 9 words | b(1) | Personal medical information—cause of death |
| 29 | | | b(1) | Classified information—SRS capabilities |
| 31 | | | b(1) | Classified information—other agency message |
| 33 | | | b(1) | Classified information—concept of operations for SRS |
| 35 | | | b(1) | Classified information—mishap summary |
| 37 | | | b(1) | Classified information—radio transcript, name of mission |
| 40-52 | | | b(6) | Personal medical information—autopsy report |
| 54 | 5th para | 1 word | b(1) | Classified Information—type of intelligence collected |
| 54 | 7th para | 1 word | b(1) | Classified Information—system capabilities |
| 61 | 11th para | 2 words | b(1) | Classified Information—specific operational needs |
| 62 | 3rd para | 2 words | b(1) | Classified Information—specific operational needs |
| 62 | 4th para | 1 sentence | b(1) | Classified information--operational coordination efforts |
| 67 | 3rd para | 14 words | b(1) | Classified information—enemy capabilities |
| 304 | 2nd | 5 words | b(1) | Classified information—system |

| | para | | | capabilities |
|---|---|---|---|---|
| 309 | | Addresses | b(6) | Personal home addresses |
| 476 | | Account number/PIN | b(6) | Personal information |
| 137-138 | | SEC NAV Instruction | b(1) | Forwarded to COMNAVSEASYSCOM for release determinations |

## 25 March 2003 SRS Crash Investigation

| Page # | | Redaction | Exemp. | Justification for Withholding |
|---|---|---|---|---|
| 6 | Para 15 | 16 words | b(6) | Personal medical information—cause of death, autopsy results |
| 10 | Para. 2 | 1 word | b(1) | Classified Information—type of operation |
| 10 | Para. 5 | 26 words | b(1) | Classified Information—system capabilities |
| 10 | Para 1 (bottom) | 3 words | b(1) | Classified Information—threat |
| 12 | Para 1c | 1 word | b(1) | Classified Information—type of intelligence |
| 23 | Para. 12 | 1 words | b(1) | Classified Information—type of system |
| 73-74 | | SEC NAV Instruction | | Forwarded to COMSAVSEASYSCOM for release determination |
| 170 | 2nd para | 5 words | b(1) | Classified Information—system capabilities |
| 175 | | Home addresses | b(6) | Personal information—home addresses |
| 230-437 | | License Numbers | b(6) | Personal Information—License Numbers |
| 439 | | | b(1) | Classified information—system capabilities |
| 440 | | | b(1) | Classified information—operational plans |
| 441 | 5th para | 1 word | b(1) | Classified information—type of intelligence |
| 441 | 7th para | 1 word | b(1) | Classified information—system capabilities |
| 446 | 11th para | 1 word | b(1) | Classified Information—system capabilities |
| 447 | 4th para | 1 sentence | b(1) | Classified Information-coordination efforts |
| 451 | 3rd para | 14 words | b(1) | Classified Information—enemy capabilities |

## Documents not produced

| Document | Page # | | | |
|---|---|---|---|---|

|  |  | Redaction | Exemp. | Justification for Withholding |
|---|---|---|---|---|
| Litigation Report—13 Feb 03 mishap | 446 pages | Withheld | b(1) b(5) | This report was written as a litigation report in accordance with the Navy JAG Manual paragraph 0209. It was written with the assistance and advice of the Staff Judge Advocate in preparation for claims and/or litigation against the United States. All materials included in this report were for the express purpose of assisting in the preparation of anticipated litigation which might arise, in view of the loss of two lives and the loss of millions of dollars in contractor and Government equipment which the February 13, 2003 incident. This report and associated evidence and correspondence is Attorney Work Product and is exempt from disclosure under the FOIA. Portions of this report are properly classified as they reveal operations capabilities and planning processes and are therefore exempt from disclosure under the FOIA. |
| Litigation Report—25 March 03 Mishap | 382 pages | Withheld | b(1) b(5) | This report was written as a litigation report in accordance with the Navy JAG Manual paragraph 0209. It was written with the assistance and advice of the Staff Judge Advocate in preparation for claims and/or litigation against the United States. All materials included in this report were for the express purpose of assisting in the preparation of anticipated litigation which might arise, in view of the loss of three lives and the loss of millions of dollars in contractor and Government equipment which resulted from the March 25, 2003 accident. This report and associated evidence and correspondence is Attorney Work Product and is exempt from disclosure under the FOIA. Portions of this report are properly classified as they reveal operations capabilities and planning processes and are therefore exempt from disclosure under the FOIA. |

# EXHIBIT H

**DEPARTMENT OF DEFENSE**
UNITED STATES SOUTHERN COMMAND
3511 NW 91ST AVENUE
MIAMI, FL 33172-1217

REPLY TO
ATTENTION OF

August 9, 2005

Directorate of Manpower, Personnel
    and Administration

Ms. Pat Lied
Thornton, Davis & Fein, PA
Brichell Bayview Centre
80 SW 8th St, Suite 2900
Miami, FL 33130

Dear Ms. Lied,

   This is in response to your email of November 15, 2004 pursuant to the Freedom of
Information Act (FOIA) asking for information regarding the February 13, 2003 Cessna 208b
Caravan crash near Florencia, Colombia.  Case Number SC 05-030.

   Enclosed is a redacted copy of the single mishap report, which meets the criteria of your
request.  This redacted copy, which is hand paginated at the bottom right hand corner, includes
the factual information contained in the original report and excludes portions containing
operationally significant national security information.  This category of information is exempt
from release pursuant to Title 5 U.S.C. 552(b)(1)(a).

   In addition, certain personnel information, including medical records are withheld pursuant to
Title 5 U.S.C 552 (b)(6) to prevent an unwarranted invasion of their privacy.  Classification
markings, i.e. For Official Use Only (FOUO), sensitive, unclassified, classified, etc., as well
references to safety marked black in the document are also redacted.

   Release of particular documents found within the responsive investigation falls under the
cognizance of specific activities.  Accordingly, the four pages of documents have been
forwarded to those activities for direct release to you.

   Commander, Naval Sea Systems Command, 1333 Isaac Hull Avenue S. E. Washington Navy
Yard, D.C. 20376 – pages 137 and 138.

   Because your request has been partially denied, you have the right to appeal this determination
in writing to the designee of the Secretary of Defense under the above statute.  Address your
appeal to:

      Office of Freedom Information and Security Review
      ATTN:  Room 2C757
      1155 Defense – Pentagon
      Washington, D.C 20301-115

2

This appeal must be postmarked within 60 days from the date of this letter. We recommend the letter of appeal contain a copy of this correspondence and bear the notation "Freedom of Information Act Appeal", both on the envelope and on the letter itself.

The official responsible for the partial denial of your request is:

> Salvatore F. Cambria
> Brigadier General, US Army
> Director of Operations

The cost to process your request does not meet the threshold of minimum charges allowable. The fee is waived.

> Sincerely,
>
> Ivery Taylor
> Lieutenant Colonel, U.S. Army
> Deputy Director, Manpower,
>     Personnel and Administration