UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRATT & WHITNEY CANADA CORP.,

Plaintiff,

vs. Civil Action No. 05-1136 (ESH)

UNITED STATES DEPARTMENT OF DEFENSE, UNITED STATES SOUTHERN COMMAND,

Defendant.

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff, PRATT & WHITNEY CANADA CORP. (hereinafter "Pratt & Whitney Canada") and submits the following points and authorities in opposition to the "Defendants' Motion to Dismiss or in the Alternative for Summary Judgment."

## I. INTRODUCTION

This case involves a Freedom of Information Act request made to the "United States Department of Defense, Southern Command" by Pratt & Whitney Canada. Pratt & Whitney Canada, a manufacturer of gas turbine engines, was sued for wrongful death in the United States District Court for the Middle District of Florida. The wrongful death lawsuit arose out of a successful emergency landing in the countryside near Florencia, Colombia, during a Department of Defense-contracted intelligence gathering flight. Complaint at ¶¶ 5-8. It is alleged that occupants of the airplane were captured by FARC guerillas and that two of the men were executed. *Id.*

The Department of Defense is divided into five regional Combatant Commands. Arroyo Decl. ¶ 4. The U.S. Southern Command has military responsibility for all of Central and South America and adjacent waters. *Id.* Each Combatant Command is headed by a four-star general. *Id*. The Combatant Commanders are the military commanders through whom all military operations, including counter-narcotics operations, throughout the world are conducted. Arroyo Decl. ¶ 5. Actual force and capabilities, however, are provided through the military services (i.e., Army, Navy, Air Force, and Marines). Arroyo Decl. ¶ 9.

In this case, the U.S. Southern Command was the Combatant Command that requested aerial reconnaissance services in Colombia from the Secretary of Defense. Arroyo Decl. ¶ 8. The Navy was selected to contract for this service and, after the successful emergency landing at issue in the wrongful death litigation, investigated the incident at the direction of the U.S. Southern Command. Arroyo Decl. ¶¶ 13, 14, 16.

In November of 2004, Patricia Leid, one of Pratt & Whitney Canada's defense counsel in the wrongful death case, contacted the office of the Judge Advocate General for the U.S. Southern Command and was advised that the subject FOIA request could be submitted to the Miami Headquarters of the U.S. Southern Command. Complaint at ¶ 11; Arroyo Decl. at ¶ 21 ("I … advised Ms. Leid that she could send the FOIA request to our office ….").[1] According to

[1] This much is undisputed. What is disputed is whether Mr. Arroyo ever suggested that any other DOD Component had release authority for the requested documents or that Mr. Arroyo advised that any other DOD Component would be involved. Ms. Leid declares that Mr. Arroyo told her "that Southern Command was the correct military location to receive the FOIA request and no other military or governmental offices need receive the FOIA request. Contrary to the assertions in paragraph 21 of the Arroyo Declaration (which erroneously states a date of initial contact of November 15, <u>2003</u>), at no time did Mr. Arroyo advise me that the FOIA request should be sent directly to the Navy. Indeed, at no time during this prolonged year-long process of endeavoring to obtain the documents did Mr. Arroyo suggest that I submit a separate request

the Attorney Advisor (International) for U.S. Southern Command, this offer was made both because Pratt & Whitney Canada's defense counsel was located in the same city as the U.S. Southern Command Headquarters and because the Navy component of U.S. Southern Command was in the midst of a relocation and there was uncertainty as to where a request to the Navy component of U.S. Southern Command would be sent. Arroyo Decl. ¶¶ 7 and 21. That day, a FOIA request was submitted to, and received by, U.S. Southern Command. Arroyo Decl. ¶ 22; Leid Decl. ¶ 5 (filed herewith as Exhibit A).

At the time this civil action was filed, neither documents nor a denial letter had been provided to Pratt & Whitney Canada in response to the FOIA request. Complaint at ¶ 22; Arroyo Decl. ¶ 28; Leid Decl. ¶ 7. Subsequent to the initiation of this civil action, selected documents were provided to Pratt & Whitney Canada. Arroyo Decl. ¶ 28; Leid Decl. ¶ 8. Rather than file an Answer in response to the Complaint, however, the Government filed Defendants' Motion to Dismiss or, In the Alternative, for Summary Judgment (hereinafter "the Motion"). For the following reasons, the Motion is not well founded and should be denied.

First, the Motion does not set forth <u>any grounds</u> for a Rule 12(b)(6) dismissal of the Complaint against the U.S. Southern Command, the only party sued in this case. By construing what clearly was a suit solely against U.S. Southern Command as a civil action against <u>both</u> the Department of Defense and the U.S. Southern Command, the Government has attempted to create a basis for a Rule 12(b)(6) motion <u>on behalf of an entity that was never sued in the first instance</u>. Only through this fiction was the Government able to couch its Motion as one in the alternative. The alternative Rule 12(b)(6)/Rule 56 motion, however, would have no application

---

to the Navy or cease communicating directly with Southern Command. There was no mention of Puerto Rico, closure of a naval base, or moving offices." Declaration of Patricia A. Leid at ¶ 5.

no longer maintain are true and correct. In the past week, the Navy has disclosed that it has, among other responsive items, color photographs and a transcription of the communications with the airplane that made the emergency landing. Pratt & Whitney Canada, therefore, disputes the Government's statement of undisputed material facts #9 ("The responsive FOIA documents and a Vaughn Index were sent to the plaintiff's counsel on August 10, 2005. Arroyo Decl. ¶ 28.") and further states that there remain material disputed facts as to the existence of responsive, producible documents.

## II. ARGUMENT

### A. The Government's Motion To Dismiss For Failure To State A Claim Should Be Denied Because There Is No Argument That The Complaint Fails To State A Claim Against the Sole Defendant in This Action.

The Government's Motion does not set forth any grounds for a Rule 12(b)(6) dismissal against the U.S. Southern Command. At page five of its brief, the Government sets forth the correct standard governing Fed. R. Civ. P. 12(b)(6), but it never argues that Pratt & Whitney Canada "can prove no set of facts in support of [its] claim that would entitle [it] to relief." At page seven of its brief, the Government argues, as to the Department of Defense (as opposed to U.S. Southern Command), that Pratt & Whitney Canada failed to exhaust its administrative remedies. The Government, however, does not make this argument with respect to the Southern Command. In fact, the Government concedes that the Southern Command has received the FOIA request that is the subject of this action and that the Southern Command delayed well beyond the statutory time before responding to this FOIA request. Arroyo Decl. ¶¶ 21-22, 26, and 28.

What the Government has done, instead, is create a fiction—that there are two separate defendants being sued in this action: the Department of Defense and the U.S. Southern Command.[2] The Government then goes on to assert that plaintiff failed to exhaust its administrative remedies against the fictitious defendant, the Department of Defense. Through this artifice the Government asserts that it has an appropriate basis for a Rule 12(b)(6) motion. The Government then implicitly suggests that conversion to a summary judgment motion is appropriate.

This artifice should not be allowed. The option to convert a motion to dismiss into a motion for summary judgment is a product of Rule 12(b) of the Federal Rules of Civil Procedure, which states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In this case, treating U.S. Southern Command's motion as one for summary judgment is inappropriate because U.S. Southern Command has presented no argument that would entitle it to dismissal for failure of the pleading to state a claim. As Professors Wright and Miller explain,

---

[2] The Complaint is against a single defendant, which is identified as "United States Department of Defense, United States Southern Command." Every reference in the Complaint to "Defendant" is in the singular. A Summons was issued, in accordance with Rule 4(i)(2)(a), to "United States Department of Defense, United States Southern Command" with service on the Attorney General, the United States Attorney, and the United States Department of Defense, United States Southern Command at its headquarters in Miami, Florida. *See* Summons (copy) and signed return receipt card (filed as Exhibit B hereto). This nomenclature is consistent with every letter sent by the U.S. Southern Command to Pratt & Whitney Canada, each of which is on letterhead that states "DEPARTMENT OF DEFENSE [next line] UNITED STATES SOUTHERN COMMAND." *See, e.g.*, Arroyo Decl. Exhibits B, C, and H.

> The element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material…. The court, sua sponte, may convert a motion under Rule 12(b)(6) into one for summary judgment, but the conversion by the district judge should be exercised with great caution and attention to the parties' procedural rights ….

Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1366 (2004).

The Government should not be allowed to circumvent the rules of civil procedure by creating a fictitious defendant in order to manufacture a basis for a motion to dismiss that could be converted into a motion for summary judgment. The bottom line in this case is that there is one defendant—the "United States Department of Defense, United States Southern Command." The Government acknowledges receipt of the FOIA complaint served by plaintiffs on an appropriate representative of the Southern Command.[3] Arroyo Decl. ¶¶ 21-24. Furthermore, the Government does not even argue that there has been a failure to exhaust administrative remedies with respect to the Southern Command.[4] For these reasons, the Government has presented no

---

[3] The U.S. Southern Command, which is one of the "Combatant Commands," is an appropriate recipient of FOIA requests. *See* DoD Directive 5400.7-R ¶ C1.2.2 (stating that Combatant Commands are FOIA DoD Components) (last viewed at http://www.dtic.mil/whs/directives/corres/pdf/54007r_0998/p54007r.pdf on Nov. 7, 2005). "This policy … requires the Combatant Commands to process FOIA requests in accordance with DoD Directive 5400.7 (reference (b)) and this Regulation. *Id.* at ¶ C1.5.11.1. Notably, if another DoD Component (e.g., the Navy) had received a request for these materials, it would have been required to consult with Southern Command before responding to the request. *See id.* at ¶ C5.1.5.1 ("When a DoD Component receives a FOIA request for a record in which an affected DoD organization (including a Combatant Command) has a clear and substantial interest in the subject matter, consultation with that affected DoD organization is required. As an example, where a DoD Component receives a request for records related to DoD operations in a foreign country, the cognizant Combatant Command for the area involved in the request shall be consulted before a release is made. Consultations may be telephonic, electronic, or in hard copy.").

[4] Even if the Government were entitled to move for summary judgment against plaintiff at this point in the proceedings, the motion should be denied on its substance as set forth below, or at

argument that the Complaint fails to state a claim against the sole defendant, and the Motion for a Rule 12(b)(6) or Rule 56 dismissal must be denied.[5]

B. The Government's Own Evidentiary Submissions Demonstrate That the Government is Not Entitled to Summary Judgment.

Summary judgment should be denied because nothing in the materials submitted to support summary judgment would entitle the Government to judgment as a matter of law. The Arroyo Declaration, upon which the Government relies, details Pratt & Whitney Canada's submission of a FOIA request in accordance with his instructions. Arroyo Decl. ¶¶ 21-22. The affidavit goes on to admit that by July 7, 2004, the Southern Command was in possession of responsive, material. Arroyo Decl. ¶20. The affidavit then states that there was an initial provision of responsive documents on August 9, 2005. Arroyo Decl.¶ 28. This provision of documents was long after the materials were due in response to plaintiff's FOIA request, and long after this suit was filed on June 8, 2005.[6] In short, the Government has admitted that it has already violated the FOIA. On this record, the Government is not entitled to judgment as a matter of law. Ironically, if the Government's factual submissions demonstrate anything it is that

---

the very least, must be held in abeyance while plaintiff has an opportunity to further evaluate the factual assertions raised by defendant.

[5] Had the Government answered the Complaint, it is reasonable to believe, based on the Arroyo Declaration, that the Answer would have admitted all of the material allegations of the Complaint and asserted new matter to address post-filing developments.

[6] Pursuant to 5 U.S.C. § 552(6)(A) an agency must determine whether to comply with a FOIA request within 20 days of the request. Moreover, where an agency decides to comply with a request the records shall be made available promptly. 5 U.S.C. § 552(6)(C).

Pratt & Whitney Canada is entitled to judgment as a matter of law, with the only remaining question being what relief should be accorded.[7]

C. Summary Judgment also is Inappropriate Because the Government's Evidentiary Submissions are Inaccurate and are based in part on Hearsay.

Fed. R. Civ. P. 56(e) requires that affidavits in support of a motion for summary judgment be "made on personal knowledge," and that they "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *See Alyeska Pipeline Service Co. v. U.S. Environmental Protection Agency,* 856 F.2d 309, 314 (D.C. Cir. 1988) (affidavit in FOIA case was speculative and did not meet requirement of Rule 56(e) that affidavits be made on personal knowledge); *see also Wright v. Paul Revere Life Ins. Co.*, 291 F. Supp. 2d 1104, 1109 (C.D. Cal. 2003) (statement in attorney declaration not admissible because attorney offered no foundation for her knowledge as to whether third party received letter); *Bright v. Ashcroft,* 259 F. Supp. 2d 494, 498 (E.D. La. 2003) (portions of affidavit in a FOIA case were stricken because they did not establish affiant's personal knowledge). The Declaration of Enrique Arroyo, on which the claim of entitlement to summary judgment is premised, is fundamentally flawed in that throughout its 41 paragraphs it does not clearly establish what information is based on the affiant's personal knowledge and

[7]The Government's Motion is completely silent with respect to Pratt & Whitney Canada's claim pursuant to 5 U.S.C. § 552(a)(4)(E) for costs and expenses, including attorneys' fees. Indeed, the Arroyo Declaration establishes without question that Pratt & Whitney Canada's FOIA request was ignored for a lengthy period of time and that provision of responsive, FOIA-producible documents occurred only after Pratt & Whitney Canada filed this civil action. Ms. Leid's declaration establishes some of the efforts through which Pratt & Whitney Canada's counsel went in order to obtain a response to the FOIA request. Therefore, the Government clearly is not entitled to summary judgment with respect to Pratt & Whitney Canada's claim for costs and expenses.

what information is hearsay. The fact that some of the information provided is based on hearsay is made clear in the opening paragraph, which states:

> I, ENRIQUE ARROYO, declare the following to be true and correct to the best of my knowledge and belief. I base this declaration on personal knowledge as well as information provided or made available to me by others.

(emphasis added). In many of the paragraphs in this declaration it is, unfortunately, not clear whether the information provided is based on personal knowledge or hearsay. However, in a number of paragraphs it is quite clear that material information is not based on Arroyo's personal knowledge. For example:

> •In Paragraph 3, the assertions are made in large part on "information and belief";
>
> •In Paragraph 30, Arroyo testifies only that he has been "advised" that the Navy has conducted a search of its files and "no additional records responsive to the present case exist in the Navy's possession."
>
> •In Paragraph 32, Arroyo testifies that "USSOUTHCOM/SCSJA has reviewed its files in order to respond to the present FOIA request", and that "[t]o the best of my understanding and belief, any documents which might exist at USSOUTHCOM responsive to the present FOIA request would reside in files located at USSOUTHCOM/SCSJA[.]"
>
> •In Paragraph 33, Arroyo discusses reports that were prepared by third parties and opines that "[a]s the undersigned understands Navy regulations, these Litigation Reports were prepared in contemplation of potential litigation . . . ."
>
> •In Paragraph 34, Arroyo refers to a document search conducted by USSOUTHCOM/SCSJA and asserts that certain documents recently produced "had been inadvertently overlooked."
>
> •In Paragraph 37, Arroyo testifies that "[t]he Navy has, upon information and belief, provided the totality of both of the aircraft accident investigations in their present form . . . ."

In short, Arroyo's Declaration is, in numerous material respects, either not based on personal knowledge or not sufficiently clear as to whether the information provided is based on personal knowledge.[8]

Finally, and perhaps more importantly, the Arroyo Declaration contains assertions of material fact that are demonstrably incorrect. As noted above, Paragraph 37 indicates that "[t]he Navy has . . . provided the totality of both of the aircraft accident investigations in their present form . . . ." This is incorrect. Within the past week, the Navy discovered that it has, among other responsive items, color photographs and a transcription of the communications with the airplane that made the emergency landing.[9] Leid Decl. ¶¶ 11-17. Pratt & Whitney Canada, therefore, disputes the Government's statement of undisputed material facts #9 ("The responsive FOIA documents and a Vaughn Index were sent to the plaintiff's counsel on August 10, 2005. Arroyo Decl. ¶ 28.") and further states that there remain material disputed facts as to the existence of responsive, producible documents.

## III. CONCLUSION

Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment should, for three reasons, be denied. First, the motion does not set forth any grounds for a Rule 12(b)(6) dismissal against the sole defendant in this action. Second, even if the motion is treated as a

[8] Some of the hearsay contained in the Arroyo Declaration might be acceptable if Arroyo had supervised the records search in this case. It appears from Arroyo's Declaration, however, that the records search was supervised by Marcos Villalobos, who is the USSOUTHCOM Freedom of Information Act/Privacy Act Coordinator. Arroyo Decl. ¶ 3. Moreover, Arroyo clearly did not supervise the Navy's search of its records. *See* Arroyo Decl. ¶ 30.

[9] Pratt & Whitney Canada believes that the Government has no choice but to withdraw its Motion, withdraw the Declaration of Enrique Arroyo, or submit a supplemental declaration to correct the record.