# THORNTON,

## DAVIS

## &

# FEIN, P.A.

ATTORNEYS AT LAW

Brickell BayView Centre
80 SW 8th Street, Suite 2900
Miami, Florida 33130
305.446.2646 Phone
305.441.2374 Fax
www.tdflaw.com

**Patricia A. Leid, Partner**
*Board Certified Aviation Lawyer*
*Also admitted in DC and New York*
leid@tdflaw.com

August 22, 2005

**By facsimile to: (202) 514-8780**
**By email to: Andrea.McBarnette@usdoj.gov**
Original will *not* be mailed

Andrea McBarnette, Esq.
U.S. Attorney's Office
United States Department of Justice
1425 New York Avenue, N.W., Suite 10148
Washington, D.C. 20005

      Re:    *Judith Janis v. Pratt & Whitney Canada, Inc., et al.*
             D/Loss: 2/13/2003
             TDF File No. 52-857

Dear Ms. McBarnette:

     We are in receipt of documents produced by Southern Command in response to our FOIA request dated November 15, 2004. Upon our review of the documentation, we note that certain documents or materials which would be responsive to our FOIA request were not accompanied with Southern Command's production. Initially, we note that a Vaughn Index did not accompany said production. We have since received what purports to be an amended Vaughn Index, but have not had time to review it.

     The following describes other documents or materials not included in Southern Command's FOIA response.

     I.     <u>FOIA Request – Paragraph Number One</u>:

     Paragraph one requests photographs, interviews, witness statements, recordings, wreckage inspection notes, and other releasable materials compiled in the subject investigation. From our review of the produced documents, we note that the following documents have not yet been provided:

        a.     Photographic evidence, specifically photographs of the wreckage – pages 197 through 245, was provided, but in a black and white format. These photocopies are not useable. It appears that these photographs (and other documentary evidence) are being maintained at COMUSNAVSO, Naval Station Roosevelt Roads, Puerto Rico. We request useable, color photographs of the wreckage be provided.

        b.     Audiotapes and transcripts of witness interviews. To date, we are in receipt of only interview summaries of certain witnesses. We request a copy of the audiotapes and transcripts of the witness interviews.

Andrea McBarnette, Esq.
August 22, 2005
Page 2

    c.      We are not in receipt of the interview(s) or statement(s) of Mr. Ronald Powers which are referenced in the provided documents (*see* page 56 as an example).

    d.      We are not in receipt of the statistical analysis performed by Lieutenant Colonel George Smith as described in Colonel Thomas Breen's witness statement.

    e.      We are not in receipt of the subject aircraft's operating limits post-modification (i.e. maximum useful load, aircraft empty weight, maximum ITT, etc.). This information is relevant to our litigation, and would not be sensitive information concerning the SRS mission. We are not interested in the specifics surrounding the contractor or government added equipment, or the type of information or data gained from the use of same.

    II.      <u>FOIA Request – Paragraph Eight</u>:

Paragraph number eight requests all tape recordings or cockpit transmissions sent by the crew or passengers of the subject aircraft.

    a.      Clearly, there were recorded communications between the members of the aircraft and the ground station(s) during the fifteen minute period prior to the emergency landing (*see* Transcript of Radio Transmission, Part B, Enclosure 5). These radio transmissions are relevant to our litigation, and any interim communications that are not related to the subject incident could be easily redacted from the transcription. Accordingly, we request only the relevant radio transmission/transcript from and to the aircrew.

    b.      The report reflects that the subject aircraft was struck in the right wing by a large-caliber projectile(s). This information is relevant to our litigation, and was provided to the subject investigator in some format. However, the documents produced to date do not depict the source of this information. Logically, this information originated either by a recorded (and thus able to be reviewed) communication with the crew or during a witness interview. We are not in receipt of any witness statement which provides the investigator with such information, and therefore can only conclude that it was provided via an aircrew communication.

We continue with our review of the Southern Command production, and will provide a supplemental list, if necessary. Upon your review of the above, please feel free to contact us to discuss same.

                Very truly yours,

                /s/ Patricia A. Leid
                **PATRICIA A. LEID**
                **DAVID A. WAGNER**

PAL/DAW/sb

H:\Library\52857\corres\McBarnette ltr02.doc

# THORNTON,

## DAVIS

## &

# FEIN, P.A.

ATTORNEYS AT LAW

Brickell BayView Centre
80 SW 8th Street, Suite 2900
Miami, Florida 33130
305.446.2646 Phone
305.441.2374 Fax
www.tdflaw.com

**Patricia A. Leid, Partner**
*Board Certified Aviation Lawyer*
*Also admitted in DC and New York*
leid@tdflaw.com

August 30, 2005

**By facsimile to: (202) 514-8780**
**By email to: Andrea.McBarnette@usdoj.gov**
Original will *not* be mailed

Andrea McBarnette, Esq.
U.S. Attorney's Office
United States Department of Justice
1425 New York Avenue, N.W., Suite 10148
Washington, D.C. 20005

>       Re:     *Judith Janis v. Pratt & Whitney Canada, Inc., et al.*
>               D/Loss: 2/13/2003
>               TDF File No. 52-857

Dear Ms. McBarnette:

We write in follow-up to our correspondence dated August 22, 2005 regarding the documents produced by Southern Command in response to our FOIA request dated November 15, 2004. In addition to the documents or materials identified in our prior correspondence, the following documents were not included in Southern Command's production:

<u>FOIA Request – Paragraph Number One:</u>

Paragraph one requests photographs, interviews, witness statements, recordings, wreckage inspection notes, and other releasable materials compiled in the subject investigation. From our review of the produced documents, we note that the following documents have not yet been provided:

    a.      Recorded Statement of Mr. Christopher Clouser on audio tape, dated April 10, 2003. (*see* page 9 of 25 March 2003 Redacted SRS Aircraft Mishap).

    b.      Attachments (or tabs) to Letter from Douglas C. Cockes and Paul C. Hooper to Northrop Grumman dated November 14, 2002. (*see* page 308 of 13 February 2003 Redacted SRS Aircraft Mishap).

    c.      Attachments (or tabs) to Letter from Douglas C. Cockes and Paul C. Hooper to Northrop Grumman dated December 5, 2002. (*see* page 309 through 314 of 13 February 2003 Redacted SRS Aircraft Mishap).

Andrea McBarnette, Esq.
August 30, 2005
Page 2

      Upon your review of the above, please feel free to contact us to discuss same.

                Very truly yours,

                /s/ Patricia A. Leid
                **PATRICIA A. LEID**
                **DAVID A. WAGNER**

PAL/DAW/sb