UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRATT & WHITNEY CANADA CORP.,

    Plaintiff,

    vs.                                    Civil Action No. 05-1136 (ESH)

UNITED STATES DEPARTMENT OF
DEFENSE, UNITED STATES
SOUTHERN COMMAND,

    Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION
<u>FOR ENLARGEMENT OF TIME</u>**

COMES NOW Plaintiff, PRATT & WHITNEY CANADA CORP. (hereinafter "Pratt & Whitney Canada") and submits the following points and authorities in opposition to the "Defendants' Motion for Enlargement of Time."

**I.  INTRODUCTION**

This case involves a Freedom of Information Act request made to, and received by, the "United States Department of Defense, Southern Command" on November 15, 2004.  Complaint at ¶ 11; Arroyo Decl. at ¶ 21 (attached to the defendant's Motion to Dismiss or, in the alternative, for Summary Judgment); Leid Decl. ¶ 5 (Exhibit A to Docket No. 12).  Congress saw fit to accelerate the Government's responses to FOIA requests and litigation involving FOIA.  *See, e.g.,* 5 U.S.C. § 552(a) (providing 20 days to respond to FOIA requests); 5 U.S.C. § 552(a)(4)(C) (shortening from 60 days to 30 days the time in which the Government has to file responsive pleadings to FOIA lawsuits).  Pratt & Whitney Canada has a pressing need for the FOIA requested materials because the already enlarged deadlines it faces in the underlying wrongful

death lawsuit are looming large.  *See* Exhibit 1 (email of Pratt & Whitney Canada's counsel in the wrongful death lawsuit responding to the Government's request for consent to further enlargement).[1]  Now, one week before the one-year anniversary of the Government's receipt of plaintiff's FOIA request, the Government seeks to further delay the resolution of this FOIA suit by requesting a 34-day enlargement of the time in which to file a reply brief for a motion it has effectively conceded it cannot win.[2]

The Government's Motion for Enlargement of Time should be denied because the motion to which it seeks reply has effectively been conceded, delay is prejudicial to the plaintiff, and the plaintiff should have the opportunity to seek judgment on the pleadings in response to a long overdue answer.

---

[1] The Government's statement that "Plaintiff's counsel has objected to the relief sought in this motion" is technically true but only part of the story. As detailed in Exhibit 1, the Government was advised of looming December deadlines in the underlying wrongful death suit and the need to have the requested materials for upcoming depositions of Government witnesses.  Various options were proposed, some of which included agreeing to a three-week enlargement on the condition that certain of the responsive materials be turned over to Pratt & Whitney Canada.  An unconditional agreement of an enlargement to November 23 was offered.

[2] The Government has misstated the actual due date, which is November 15, 2005 (i.e., five days after the November 7 filing without counting weekends and holidays, of which there is one tomorrow).

## II. ARGUMENT

    A.    The Government's Motion for Enlargement of Time Should Be Denied Because the Motion to Which It Seeks Reply Has Effectively Been Conceded

Pratt & Whitney Canada incorporates herein by reference its Memorandum in Opposition to Motion To Dismiss or, in the Alternative, for Summary Judgment (Docket No. 12), which details the history of the FOIA request and the reasons that the Government cannot prevail on its motion. It demonstrates that no substantive response was made to the FOIA request until after this civil action was filed. Moreover, it demonstrates that there remain outstanding responsive, producible documents that have not been provided. Here, however, we will address how the Motion for Enlargement of Time further demonstrates the futility of the Government's motion.

The Government now states:

> [A]gency counsel for SouthCom has informed the undersigned that SouthCom received new materials concerning this case on October 20, 2005. SouthCom believes that much of this new material may be responsive material in this case. SouthCom needs additional time so that it may review and process this new and recently received material.[3]

It is apparent, however, that at least some of these materials came from the Navy, which acted at SouthCom's command with respect to the investigation of the underlying emergency landing. *See, e.g.,* Arroyo Decl. at ¶¶ 16-17, 19-20. The Government found it necessary in support of its claimed entitlement to summary judgment to establish that:

---

[3] The Government treats entitlement to summary judgment as a "moving target," stating in its Motion for Enlargement: "In light of the receipt of these new materials, SouthCom intends to supplement its declaration, Vaugh (sic) Index and/or dispositive motion. SouthCom will also produce any nonexempt responsive materials to the Plaintiff. In addition, the Defendants intends to file their reply in support of its first dispositive motion."

- "The Navy has not provided USSOUTHCOM with any other relevant documents with which to respond to the present FOIA request. Navy legal counsel have advised undersigned that the Navy has conducted a search of its files and that no additional records responsive to the present case exist in the Navy's possession." (Arroyo Decl. at ¶ 30); and

- "The responsive FOIA documents and a Vaughan Index were sent to the plaintiff's counsel on August 10, 2005." (Statement of Material Facts Not In Genuine Dispute #9).

Each of these statements is untrue. The Government's quest for summary judgment clearly is futile.

### B. The Government's Motion for Enlargement of Time Should Be Denied Because Delay Is Prejudicial to the Plaintiff

The Government in its motion does not address the prejudice to Pratt & Whitney Canada that results from yet further delays. As we alleged in the Complaint, in our Brief in Opposition to Motion for Enlargement filed on July 12, 2005, and in Exhibit 1 hereto, Pratt & Whitney Canada is subject to court-imposed deadlines in the underlying wrongful death litigation, and delay prejudices Pratt & Whitney Canada's ability to defend itself in that case. With all due respect to the Court and Government Counsel,[4] FOIA was intended to provide an expeditious means of placing Government-controlled information in the hands of requesters. The DOD Freedom of Information Handbook begins with the following quote of James Madison:

---

[4] Specifically, we appreciate that "the Court cannot commit itself to resolving this matter to accommodate a civil discovery schedule in some other pending litigation." Docket No. 5. Nonetheless, the significance of timing and the continuing delaying tactics invoked by the Government should not go unnoticed by the Court.

> A popular Government without popular information or the means
> of acquiring it, is but a Prologue to a Farce or a Tragedy or perhaps
> both. Knowledge will forever govern ignorance, and a people who
> mean to be their own Governors, must arm themselves with the
> power knowledge gives.

DOD Freedom of Information Handbook at 2 (last viewed on November 10, 2005, at

http://www.defenselink.mil/pubs/foi/foiapam3.pdf).

    C.    The Government's Motion for Enlargement of Time Should Be Denied Because the Plaintiff Should Have the Opportunity to Seek Judgment on the Pleadings in Response to a Long Overdue Answer

The Government's Motion for Enlargement also is a further concession that there are no grounds on which to attack the Complaint for failure to state a claim.  The Government has used artifice to avoid answering the Complaint before filing for summary judgment.  Nothing in the Federal Rules of Civil Procedure provide for a summary judgment motion to be treated as a responsive pleading.  The Government should withdraw its motion and, if appropriate, re-file it at a future date with appropriate support.

In the meanwhile, the Government should file an Answer.  The filing of an Answer would give Pratt & Whitney Canada the opportunity to evaluate a motion for judgment on the pleadings.  Based on the affidavits filed by the Government, it is likely that a fair, responsive Answer would "aid both the parties and the Court in the development and resolution of this case." Motion for Enlargement of Time at 2.

### III. CONCLUSION

Defendant's Motion for Enlargement should be denied and the Court should require that an Answer be filed.

DATED:  November 10, 2005           Respectfully submitted,

                    PRATT & WHITNEY CANADA CORP.
                    By Counsel

SCHNADER HARRISON SEGAL & LEWIS LLP


By: */s/ Jonathan M. Stern*
    JONATHAN M. STERN (DC Bar No. 412689)
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006-1825
Telephone: (202) 419-4202
Telefax: (202) 419-3454
E-mail: jstern@schnader.com

**Of counsel:**

**PATRICIA A. LEID**
District of Columbia Bar No. 446894 (inactive)
Florida Bar No. 0027006
**THORNTON, DAVIS & FEIN, P.A.**
Brickell Bayview Centre, Suite 2900
80 Southwest 8th Street
Miami, FL  33130
Telephone:  (305) 446-2646
Fax:  (305) 441-2374