UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRATT & WHITNEY CANADA CORP. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>DEFENSE, U.S. SOUTHERN COMMAND )<br>)<br>Defendants. )<br>) | Case No: 05-1136 (ESH) |

DEFENDANT'S NOTICE OF WITHDRAWAL OF
MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY
JUDGMENT AND MOTION TO FILE AN ANSWER BY DECEMBER 19, 2005

The Defendant, the United States Department of Defense, U.S. Southern Command ("SouthCom"), by and through its undersigned counsel, respectfully moves this Court for a) leave to withdraw its motion to dismiss, or in the alternative for summary judgment and b) to file an answer by December 19, 2005. The grounds for this notice and motion are set forth below. Plaintiff consents to the motion's request to file an answer by December 19, 2005.

The complaint was brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Although Defendant SouthCom had complied with its FOIA obligations and filed a summary judgment motion, agency counsel for SouthCom has informed the undersigned that SouthCom has recently received new materials concerning this case. SouthCom believes that much of this new material may be responsive material in this case. SouthCom intends to process this new and recently received material and incorporate its determinations regarding the new material in an amended declaration, Vaugh Index and dispositive motion. SouthCom will also produce any non-exempt responsive materials to the Plaintiff.

The original dispositive motion was filed on behalf of two defendants, SouthCom and the Department of Defense ("DOD"). The motion requested dismissal of the complaint against the DOD on the grounds of failure to exhaust administrative claims and requested summary judgment for SouthCom. Despite the caption of Plaintiff's complaint, which appears to list DOD as a defendant in this case, Plaintiff, in its opposition to the dispositive motion, states that there is only one defendant and that defendant is SouthCom. See Plaintiff's opposition memorandum to the dispositive motion at p. 5-8. With this clarification, the motion to dismiss the complaint against DOD is now moot.[1]

Under Rule 12(a)(4), an answer to a complaint is tolled while a motion to dismiss is pending. Defendant withdraws its motion to dismiss, or in the alternative, for summary judgment due to the recent receipt of responsive materials and therefore, Defendant requests leave to file an answer by December 19, 2005 as the time to answer the complaint is no longer tolled. SouthCom received new materials concerning this case on October 20, 2005. Although agency counsel for SouthCom has been working diligently, a hurricane hit SouthCom's location soon after the new materials arrived and the first working day back in the office was October 28,

---

[1] To the extent that Plaintiff argues in its opposition motion that Defendant's motion to dismiss was disingenuous and that Defendant only hoped to convert its motion to a summary judgment motion, Defendant notes that pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, summary judgment motions may be filed at any time and that therefore, Defendant would not have a reason to attempt to convert a motion to dismiss into a summary judgment motion. Fed. R. Civ. Proc. 56(b) states that a defendant may "at any time move with or without supporting affidavits for a summary judgment in the party's favor." More importantly, it is well known that FOIA cases are usually resolved based on summary judgment motions and that discovery is the exception, not the rule, in FOIA cases. See Wickwire Gavin, P.C. v. USPS, 356 F.3d 588, 591 (4th Cir. 2004) ("summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved"); Wheeler v. CIA, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."). Thus, the Defendant acted in good faith when it filed its dispositive motion.

2005. In addition, agency counsel is out of the office for over two weeks, from November 10 to November 28, and the undersigned intends to be out of the office around or soon after the Thanksgiving holiday as well. Therefore, SouthCom anticipates finalizing its review and processing of the new materials and filing an answer by December 19, 2005.

WHEREFORE, in light of the receipt of these new materials, Defendant provides notice that it withdraws its first dispositive motion and seek leave to file an answer by December 19, 2005.

Dated: November 16, 2005          Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


/s/
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANT'S NOTICE OF WITHDRAWAL OF MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND MOTION TO FILE AN ANSWER BY DECEMBER 19, 2005 was filed via the Court's electronic filing system on November 16, 2005 and is expected to be served by the Court's electronic transmission facilities to:

**Jonathan Michael Stern**
SCHNADER HARRISON SEGAL & LEWIS, LLP
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
(202) 419-4202 phone
(202) 419-3454 fax
Email: jstern@schnader.com
Attorney for Plaintiff

/S/
ANDREA McBARNETTE
Assistant United States Attorney