UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PRATT & WHITNEY CANADA CORP.     ) | |
| )| |
| Plaintiff,     ) | |
| ) | |
| v.     ) | Case No: 05-1136 (ESH) |
| ) | |
| UNITED STATES DEPARTMENT OF     ) | |
| DEFENSE, U.S. SOUTHERN COMMAND     ) | |
| ) | |
| Defendants.     ) | |
| ) | |

**CONSOLIDATED VAUGHN INDEX**

**ORIGINAL AMENDED VAUGHN INDEX FOR
ACCIDENT INVESTIGATION REPORTS AND RELATED DOCUMENTS**

Pratt & Whitney Canada Corp. v. United States Southern Command, Civil Action 1136 (ESH)

**13 February 2003 SRS Crash Investigation**

| Page # | | Redaction | Exemp. | Justification for Withholding |
|---|---|---|---|---|
| 10 | Line 5 | 2 words | b(1) | Classified Information (Name of operation) |
| 11 | Para. 2 | 1 word | b(1) | Classified Information—nature of the operation |
| 11 | Para. 5 | 26 words | b(1) | Classified Information—operational capabilities |
| 12 | Para 1 | 7 words | b(1) | Classified Information—nature of the operation |
| 13 | Para 1c | 1 word | b(1) | Classified Information—nature of the operation |
| 14 | Para. d | 19 words | b(6) | Personal medical information |
| 22 | Para. 9 line 6 | 1 word | b(1) | Classified information—capabilities of resources |
| 23 | Para 11 | 9 words | b(1) | Personal medical information—cause of death |
| 29 | | 1 word in title | b(1) | Classified information—Name of mission  Note: Referenced document did not form part of report and has never been in SOUTHCOM possession |
| 31 | | Nothing redacted | b(1) | Classified information—other agency message  Note: Referenced document did not form part of report and has never been in SOUTHCOM |

| Page # | | Redaction | Exemp. | Justification for Withholding |
|---|---|---|---|---|
| | | | | possession |
| 33 | | Nothing redacted | b(1) | Classified information—concept of operations for SRS<br>Note: Referenced document did not form part of report and has never been in SOUTHCOM possession |
| 35 | | Nothing redacted | b(1) | Classified information—mishap summary<br>Note: Referenced document did not form part of report and has never been in SOUTHCOM possession |
| 37 | | 2 words in title | b(1) | Classified information—radio transcript, name of mission<br>Note: Referenced document did not form part of report and has never been in SOUTHCOM possession |
| 39-52 | | All (13 pages) | b(6) | Personal medical information—autopsy report |
| 54 | 5th para | 1 word | b(1) | Classified Information—type of intelligence collected |
| 54 | 7th para | 1 word | b(1) | Classified Information—system capabilities |
| 61 | 11th para | 2 words | b(1) | Classified Information—specific operational needs |
| 62 | 3rd para | 2 words | b(1) | Classified Information—specific operational needs |
| 62 | 4th para | 1 sentence | b(1) | Classified information--operational coordination efforts |
| 67 | 3rd para | 14 words | b(1) | Classified information—enemy capabilities |
| 304 | 2nd para | 5 words | b(1) | Classified information—system capabilities |
| 309 | | Addresses | b(6) | Personal home addresses |
| 476 | | Account number/PIN | b(6) | Personal information – account/PIN |
| 137-138 | | SEC NAV Instruction | b(1) | Forwarded by NAVSAFCEN to COMNAVSEASYSCOM for release determinations |

**25 March 2003 SRS Crash Investigation**

| Page # | | Redaction | Exemp. | Justification for Withholding |
|---|---|---|---|---|
| 6 | Para 15 | 16 words | b(6) | Personal medical information—cause of death, autopsy results |
| 10 | Para. 2 | 1 word | b(1) | Classified Information—type of operation |
| 10 | Para. 5 | 26 words | b(1) | Classified Information—system capabilities |
| 10 | Para 1 (bottom) | 3 words | b(1) | Classified Information—threat |
| 12 | Para 1c | 1 word | b(1) | Classified Information—type of intelligence |
| 23 | Para. 12 | 1 words | b(1) | Classified Information—type of system |
| 73-74 | | SEC NAV Instruction | | Forwarded by NAVSAFCEN to COMSAVSEASYSCOM for release determination |

| 170 | 2nd para | 5 words | b(1) | Classified Information—system capabilities |
| 175 | | Home addresses | b(6) | Personal information—home addresses |
| 230-437 | | License Numbers | b(6) | Personal Information—License Numbers |
| 439 | | Nothing redacted | b(1) | Classified information—system capabilities Note: Referenced document did not form part of report and has never been in SOUTHCOM possession |
| 440 | | Nothing redacted | b(1) | Classified information—operational plans Note: Referenced document did not form part of report and has never been in SOUTHCOM possession |
| 441 | 5th para | 1 word | b(1) | Classified information—type of intelligence |
| 441 | 7th para | 1 word | b(1) | Classified information—system capabilities |
| 446 | 11th para | 1 word | b(1) | Classified Information—system capabilities |
| 447 | 4th para | 1 sentence | b(1) | Classified Information-coordination efforts |
| 451 | 3rd para | 14 words | b(1) | Classified Information—enemy capabilities |

**Documents not produced**

| Document | Page # | Redaction | Exemp. | Justification for Withholding |
|---|---|---|---|---|
| Litigation Report—13 Feb 03 mishap | 446 pages | Withheld | b(1) b(5) | This report was written as a litigation report in accordance with the Navy JAG Manual paragraph 0209. It was written with the assistance and advice of the Staff Judge Advocate in preparation for claims and/or litigation against the United States. All materials included in this report were for the express purpose of assisting in the preparation of anticipated litigation which might arise, in view of the loss of two lives and the loss of millions of dollars in contractor and Government equipment which the February 13, 2003 incident. This report and associated evidence and correspondence is Attorney Work Product and is exempt from disclosure under the FOIA. Portions of this report are properly classified as they reveal operations capabilities and planning processes and are therefore exempt from disclosure under the FOIA. |
| Litigation Report—25 March 03 Mishap | 382 pages | Withheld | b(1) b(5) | This report was written as a litigation report in accordance with the Navy JAG Manual paragraph 0209. It was written with the assistance and advice of the Staff Judge Advocate in preparation for claims and/or litigation against the United States. All materials included in this report were for the express purpose of assisting in the preparation of anticipated litigation which might arise, in view of the loss of three lives and the loss of millions of dollars in |

3

|  |  |  |  | contractor and Government equipment which resulted from the March 25, 2003 accident. This report and associated evidence and correspondence is Attorney Work Product and is exempt from disclosure under the FOIA.<br>Portions of this report are properly classified as they reveal operations capabilities and planning processes and are therefore exempt from disclosure under the FOIA. |
|---|---|---|---|---|

**VAUGHN INDEX FOR**
**MISCELLANEOUS DOCUMENTS PRODUCED PURSUANT TO ORDER OF**
**1 DECEMBER 2005**

Pratt & Whitney Canada Corp. v. United States Southern Command, Civil Action 1136 (ESH)

| Page # | Document | Redaction | Exemp. | Justification for Withholding |
|---|---|---|---|---|
| A16 | Memo- Silvestri – Baca | 1 line | b(6) | Personal information (Tel. No.) |
| A63-64 | Email – Jiles-Arroyo (Attorney) | 5 lines | b(5) | Deliberative intra-agency email; privileged attorney-client communication. Legal advice. |
| A69-70 | Email Hill-Arroyo (Attorney) | 18 lines | b(5) | Deliberative intra-agency memo; privileged attorney-client communication. Internal agency reporting matters. |
| A176-178 | Memo – NAVSOUTH (DeOliveira-Attorney) | 3 pages | b(5) | Deliberative intra-agency memo; privileged attorney-client communication. Legal advice. |
| A226-229 | Fax Porter-US Embassy (Arroyo – Attorney) | 4 lines handwritten on fax | b(5) | Deliberative intra-agency memo; privileged attorney-client communication. Unrelated information concerning Embassy matters. |
| Unnumbered | Transcript of aircraft radio transmission of 13 Feb 2005 | 73 lines redacted | b(1) | Classified military intelligence and operational information. An in-camera review of the document was conducted by Judge Huvelle, who determined that information on 8 lines of a total of 81 lines might be responsive to plaintiff's request. The information contained on the 8 lines was identified and communicated to defendant SOUTHCOM, which immediately conducted a classification review of the information and determined that the information, standing alone, could be released as |

|  |  |  |  | unclassified information. The information has been provided to plaintiff. |

**Documents not produced**

| Page # |  | Redaction | Exemp. | Justification for Withholding |
|---|---|---|---|---|
| A55, A56 | Memo – Legal advice | Withheld | b(5) | Deliberative intra-agency memo; privileged attorney-client communication. Legal advice. |
| A65 | Memo – Smith-Hernandez (DeOliveira – Attorney) | Withheld | b(5) | Deliberative intra-agency memo; privileged attorney-client. communication. Discussion of legal advice. |
| A78 | Email DeOliveira (Attorney) – Smith | Withheld | b(5) | Deliberative intra-agency memo; privileged attorney-client communication. Legal opinion. |
| A278-299 | Transcript – Clauser Interview. Clauser is a pilot employed by the same contractor to the US Government involved in the crash which is the subject of the current FOIA request. He was interviewed in relation to practices and procedures which may have contributed to a second crash that occurred on 25 March 2003, and not the crash of 13 February 2003 which is the subject of this FOIA request. | Withheld | b(1) | Classified information. Verbatim transcript contains information which has been classified in the interest of national defense. Contains elements of information which reveals time, place, methods, techniques, identity of persons, and other information of operational value which must be maintained classified in the national interest. The information is interrelated and intertwined and is, in its entirety, not releasable under US military classification guidelines. |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing CONSOLIDATED VAUGHN INDEX was filed via the Court's electronic filing system on December 19, 2005 and is expected to be served by the Court's electronic transmission facilities to:

**Jonathan Michael Stern**
SCHNADER HARRISON SEGAL & LEWIS, LLP
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
(202) 419-4202 phone
(202) 419-3454 fax
Email: jstern@schnader.com
Attorney for Plaintiff


                                        /S/_____
                                        ANDREA McBARNETTE
                                        Assistant United States Attorney